## Commonwealth of Pennsylvania *v.* Florence Jung, Appellant.

*Criminal law—Sale and possession of narcotic drugs—Opium— Evidence—Sufficiency.*

In the trial of an indictment for the sale and possession of narcotic drugs, a verdict of guilty will be sustained where the evidence established that the defendant was discovered in a house where there were seven Chinamen smoking opium; that she was the tenant of the house; that the raid was made about midnight; and that her defense was that she was in the room looking for her dog.

Where no sentence was imposed on a conviction of keeping a disorderly house, an appeal therefrom will be quashed.

Argued November 20, 1925. Appeal Nos. 335-336 October T., 1925, by defendant, from judgment of sentence of Q. S. Philadelphia County, July Sessions, 1925, Nos. 500-501, in the case of Commonwealth of Pennsylvania v. Florence Jung. Before PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ. Affirmed.

Indictment for the unlawful possession and use of narcotic drugs, and keeping a disorderly house. Before McDEVITT, J.

The facts are stated in the opinion of the Superior Court.

Verdict of guilty and judgment of sentence was passed on the count of possession and use of drugs. Defendant appealed.

*Errors assigned,* among others, were the charge of the Court and refusal to direct a verdict in favor of the defendant.

*James L. Baxter,* and with him *George A. Welsh,* for appellant.

No appearance and no printed brief for appellee.

OPINION BY TREXLER, J., December 14, 1925:

The defendant was charged in two separate bills (1) with the unlawful possession and use of drugs, (2) conducting a disorderly house, and was convicted on both charges.

In the police raid made at 12.30 A. M. on premises leased and occupied by the defendant, she was found coming out of a room on the second story in which were seven Chinamen who had been smoking opium. Some of the pipes were still hot and fourteen small cans or toys of opium were found in the room which was filled with opium smoke. The defendant explained her presence in the room by the fact that she had been looking for her dog. The object of the raid was to arrest one "Chit" but he was not about. The defendant claimed "to have command of the place more or less and she wanted to know who would fasten the place up when she was placed under arrest." The defendant argues that there was no evidence that the defendant had the drugs in her possession or under her control. It is true that there was no one of the Commonwealth's witnesses who saw the defendant have the drugs in her manual possession but we think the inference can be legitimately drawn that she had control of the premises, and that she had had in her pos-

session the drugs, which either had been used, or were to be used by the Chinamen on the premises. She was the tenant of the house, the man, "Chit," who was supposed to have charge of the premises was gone, and she seemed to be in control and was apparently running the joint. The hour when the raid was made would lead to the conclusion that the presence of the defendant in the room where the Chinamen were was not merely casual.

As to the charge of keeping a disorderly house, we question whether there was sufficient evidence to sustain conviction but the order of the court was in these words: "10/2/25. Sentence on Bill No. 500." Number 500 was the bill charging unlawful possession and use of drugs. We are in doubt as to what this means. There could not be one sentence on the two indictments The only conclusion that we could draw is the trial judge did not sentence on Bill No. 501. There is, therefore, nothing to appeal from. The appeal in No. 501 July Sessions 1925 (being No. 336, October Term 1925 in our court) is "quashed." The judgment of the lower court in No. 500 (our October Term No. 335, 1925) is affirmed and the record remitted to the court below and it is ordered that the defendant appear in the court below at such time as she may be there called and that she be by that court committed until she has complied with the sentence or any part of it which had not been performed at the time the appeal in this case was made a supersedeas.