Commonwealth *v.* Jones, Appellant.

Argued October 28, 1929.

418

Before Porter, P. J., Trexler, Keller, Linn, Gawthrop, Cunningham and Baldrige, JJ.

*John H. Bigelow,* and with him *M. E. Simon,* for appellant.

*A. G. Rutherford,* and with him *J. Wilson Ames,* for appellee.

Opinion by Baldrige, J., December 12, 1929:

A building owned by the Penn Cut Glass Works, Inc., and located in the Borough of Prompton, County of Wayne, burned between the hours of 1:00 and 2:00 on the morning of March 17, 1925.

L. M. Bodie and E. M. Dietrich, the president and secretary, respectively, of the glass company, Leonard Jenkins, and this defendant were charged with the destruction of the premises. The first two plead guilty and Jenkins and this appellant were convicted by the jury.

It appears from the evidence offered by the Commonwealth that the glass factory had not been in operation for a period of three or four months and that there was no fire about the premises when the watchman left the evening preceding the destruction of the building; that about fifteen minutes before the fire broke out in the factory an automobile without lights

was seen drifting down the road coming from the direction of the factory and going toward Honesdale. The fire appeared first on the one side of the building and then, according to one of the witnesses, in about ten minutes it "was a mass of flames." Another witness said that "the building just seemed to bust up into flames and was on fire all over" and "there was more or less an odor of gasoline around the building."

Dietrich and Bodie, called on behalf of the Commonwealth, testified that they had become acquainted with the defendant in January, 1924, and that he had rendered some professional services for the glass company during that year. In January, 1925, they discovered that their company was in financial difficulties and sought the counsel of the defendant, a practicing attorney. In pursuance of his advice, insurance policies in the amount of $12,000 were taken out, each containing a clause making the loss payable to Jones, and two judgment notes of the company, dated January 5, 1925, and February 2, 1925, aggregating $12,500, were given to the defendant.

On February 1st, this defendant told Dietrich and Bodie that he was going to burn the factory; he knew a man by the name of Leonard Jenkins who would do it for the sum of $500; that he and Jenkins would go to the factory and pose as buyers of the property in order that they might become acquainted with the premises. The watchman testified that two men actually did come to the factory about a week before the fire representing themselves as prospective buyers and that they made a superficial inspection of the building. After the fire, the defendant collected all the insurance aggregating $10,600.

Mrs. Dietrich stated that about the time of the arrest of her husband that Jones came around to their house between one and two o'clock in the morning and told Dietrich that he was to get in touch with Bodie and

get him away for a couple of days until he could obtain bail for him.

Frank Allen, special agent for the National Board of Fire Underwriters, testified that the defendant, after his arrest, called on him at the Hotel Sterling in Wilkes-Barre, and said, "Now everybody in Wayne County is fixed and I'll help you if you'll help me."

At the time the testimony of Dietrich and Bodie was given, counsel for the defense asked for an offer of testimony which was made by the Commonwealth and embodied therein substantially the facts subsequently adduced. It was then expressly conceded by the defense that this testimony was admissible and no exception was offered thereto, as it appears by the record in the following language: "If the Commonwealth lives up to that offer, I see it is permissible. I will not object to the offer."

The plaintiff now contends that the testimony of these two witnesses, which relates to the statement of the defendant, was not admissible to establish the corpus delicti as it was part of a confession, and without that testimony the proof was insufficient to establish a felonious burning. We quite agree with the contention that a confession of one charged with a felony is not admissible until the corpus delicti is proven: Commonwealth v. Gray, 101 Pa. 380; Commonwealth v. Puglise, 276 Pa. 235.

A confession is a voluntary acknowledgment of guilt by one who has committed the crime. It does not include a statement or declarations from which the guilt may be only concluded. This evidence was admitted, not as a confession, as the statements were made before the commission of the crime, but on the same theory that declarations against interests are admitted in a civil suit. "As a general rule, statements freely and voluntarily made by one accused of crime are admissible against him on his trial. Such statements are

submitted as proof of independent facts and not as confessions of guilt'': R. C. L. Vol. 1, page 472.

This evidence revealed defendant's act, his conduct, and voluntary declarations before the crime, and was clearly admissible. It was an important part of the Commonwealth's case as it showed a motive, as well as a criminal intent which is always an essential element in the crime of arson: Commonwealth v. Tenbroeck, 265 Pa. 251; Trickett's Pa. Criminal Law, Vol. 2, page 1026.

We concede to the contention that proof of motive itself is insufficient and that the over-insurance in itself was not enough to warrant a conviction (Commonwealth v. Bone, 64 Pa. Superior Ct. 44), but the Commonwealth did not rely upon the proof of either of these facts alone, but produced evidence of both, in addition to other corroborating circumstances. The testimony showed that there was an increase of the inventory, the procuring of additional insurance payable to the defendant, taking notes without consideration, the collection of insurance, a statement that the building would be burned, followed by proof that the building was consumed at about the time the defendant stated, and certain suspicious circumstances in connection with the burning, which was ample to submit to the jury the question whether the corpus delicti was established: Commonwealth v. Gray, supra. The phase of the case we have discussed is covered by the first, second, sixth and eighth assignments of error, which are overruled.

The defendant argued that there was no adequate proof of the guilt of Jenkins, who it is alleged was procured by the defendant to do the burning and that, therefore, this defendant could not be convicted. The defendant was indicted as, and tried upon the theory that he was, a principal and not an accessory.

The Criminal Procedure Act of March 31, 1860,

P. L. 427, Section 44, provides: "If any person shall become an accessory before the fact to any felony, whether the same be a felony at common law or by virtue of any Act of Assembly now in force or hereafter to be enforced, such person may be indicted, tried, convicted and punished in all respects as if he were a principal felon." This statute enables the Commonwealth to disregard the distinction between a principal and an accessory before the fact.

As was said in Commonwealth v. Mendola, 294 Pa. 353 (357); "A defendant may be both an accessory before the fact and also a principal, and indicted under the statute above quoted, which is the same whether he is one or the other or both." See also Brandt and Hummel v. Commonwealth, 94 Pa. 290; Commonwealth v. Bradley, 16 Pa. Superior Ct. 561; Commonwealth v. Heffelfinger, 82 Pa. Superior Ct. 351.

It is true that at the conclusion of the case the court affirmed the first five points of the defendant which were to the effect that the jury must be convinced beyond a reasonable doubt that Jenkins did maliciously burn the building before they could convict Jones. Of course, Jones could not be convicted unless the felony had been committed. That, in no way, was inconsistent or in conflict with the Commonwealth's theory that Jenkins set the building on fire and that this defendant was a party to the crime. The defendant was certainly not prejudiced in any way by the affirmation of his own points and was not entitled to any more favorable instructions on that branch of the case than he received. The third and fourth assignments of error are not sustained.

The court affirmed the request of the defendant that the testimony of the accomplices should be corroborated and that it was dangerous to predicate a conviction on the confession of a confederate; that they were required to scrutinize with great care the testi-

mony of an accomplice because of its corrupt source. The defendant was not in a position to ask for any stronger instructions than those which the court laid down to the jury. We find no merit in the fifth assignment.

The seventh assignment of error relates to the remarks of the district attorney. They do not seem to have been reduced to writing at the time of the trial but the court subsequently permitted the record to be amended so that they might be included therein, but there is some dispute as to the exact language used. The remarks refer to the desire of Dietrich and Bodie to make confessions to the district attorney. The lower court immediately instructed the jury not to consider the remarks or to be influenced thereby and we are of the opinion that this admonition to disregard the same was sufficient and that no injury resulted to this defendant.

The ninth assignment of error was in regard to a new trial but was not pressed at the argument.

We have carefully considered all the testimony in this case and the able arguments of counsel and have concluded that the learned court below gave the appellant a fair and impartial trial and no sufficient reason has been advanced to disturb the conclusions reached by the jury.

All the assignments of error are overruled and the judgment of the lower court is affirmed. The record is remitted to the court below, and it is ordered that the defendant appear in the court below at such time as he may be there called, and that he be by that court committed until he has complied with the sentence, or any part of it which has not been performed at the time the appeal in this case was made a supersedeas.