Commonwealth *v.* Bursick, Appellant.

Argued November 13, 1951. Before RHODES, P. J., HIRT, RENO, DITHRICH, ROSS, ARNOLD and GUNTHER, JJ.

*Hubert I. Teitelbaum,* with him *Schwartz & Teitelbaum,* for appellant.

*C. Ward Eicher,* First Assistant District Attorney, with him *L. Alexander Sculco,* District Attorney, for appellee.

OPINION BY ARNOLD, J., January 17, 1952:

This is an appeal from a summary conviction for four violations of The Vehicle Code: (1) failure to have proper lights; (2) inspection certificate not visible on vehicle (and in fact not obtained); (3) refusal to have vehicle weighed; (4) over-loaded truck.

In proving the offense the Commonwealth attempted to stand on §1209 of The Vehicle Code, 75 PS §739, which in substance provides that the registration plate displayed on the vehicle "shall be prima facie evidence that the owner of such vehicle was then operating the same."

The Commonwealth stood upon the plates furnishing such prima facie evidence. The difficulty with this proposition is that the Commonwealth itself proved by the state police, called as its witnesses, that the defendant was not operating or driving the truck. Thus it overthrew the statutory presumption of fact.

The same Act also states, in substance, that the prima facie presumption shall be overcome, if "the owner shall testify, under oath . . . that he was not operating the . . . vehicle at the time of the alleged violation . . . and shall submit himself to an examination as to who at that time was operating such motor vehicle, and reveal the name of the person, if known to him . . ." The defendant did take the stand and did state that he was not operating the vehicle, and when asked who was operating it, stated that he did not know, to his personal knowledge, but had been informed of the name of the operator and was willing to testify to the name. The latter was excluded as hearsay. The Commonwealth contends that since he did not disclose who the driver was, he did not overcome the statutory presumption.

It is obvious that none of the convictions can be sustained. The Commonwealth itself overthrew the

statutory presumption of fact, and the defendant went as far as the court would let him in disclosing who the driver was.

The several judgments are reversed and the defendant is discharged.