Commonwealth *v.* Hooe, Appellant.

Submitted April 22, 1958. Before RHODES, P. J., HIRT, GUNTHER, WRIGHT, WOODSIDE, ERVIN, and WATKINS, JJ.

Before DAVIS, P. J., specially presiding.

*Henry R. Smith, Jr.* and *Jones, Smith & Freeland,* for appellant.

*William Claney Smith,* Assistant District Attorney, and *Edward C. Boyle,* District Attorney, for appellee.

OPINION BY WRIGHT, J., September 11, 1958:

Alfred Hooe was tried and convicted in the Court of Quarter Sessions of Allegheny County on a charge of unlawful possession of heroin as proscribed by Section 4 of the Act of 1917, P. L. 758, as amended, 35 P.S. 854. Robert Heflin was also convicted on a similar charge arising out of the same factual situation. Hooe's motions for a new trial and in arrest of judgment were refused by the court below, and sentence was imposed. This appeal followed.

On July 9, 1957, officers Puskas and Barrett, patrolmen assigned to the narcotics squad, were cruising in the Hill District of the City of Pittsburgh, on the lookout "for peddlers and users of narcotics". Hooe and Heflin, who were known to the officers, were observed traveling in a car on Center Avenue. Heflin was driving and Hooe was seated beside him. The officers decided to follow and "pull them in to the curb". Hooe and Heflin apparently recognized the officers "because they started to step on the gas". A chase ensued at a high rate of speed. Hooe and Heflin first turned sharply into Herron Street and then doubled back on Wylie Avenue with the officers in hot pursuit. Approaching the intersection of Wylie Avenue and Watt Street, Hooe reached down and disappeared from sight. A moment later a white envelope was ejected from the car window on the left. The officers stopped to retrieve the envelope, and Hooe and Heflin escaped. Hooe left the jurisdiction and was subsequently apprehended in the State of Alabama. The envelope in question admittedly contained ten packs of heroin.

At the conclusion of the Commonwealth's case, appellant's counsel demurred to the evidence. The demurrer was overruled. Appellant rested without presenting any testimony. His counsel then moved for a directed verdict, which motion was denied. In a charge

concerning which no complaint is made, the trial judge submitted to the jury the question whether Hooe had the heroin in his possession or under his control. The sole contention advanced in the post-conviction motions, and raised on this appeal, is that, under the circumstantial evidence rule, the evidence was not sufficient to support the verdict.

As re-stated by Mr. Chief Justice STERN in *Commonwealth v. Nasuti*, 385 Pa. 436, 123 A. 2d 435, the rule is that, in order to warrant a conviction, "the circumstances proved should be such as reasonably and naturally to justify an inference of the guilt of the accused, and of such volume and quality as to overcome the presumption of innocence and satisfy the jury of the accused's guilt beyond a reasonable doubt". See also *Commonwealth v. Olitsky*, 184 Pa. Superior Ct. 144, 133 A. 2d 238. Possession may be joint as well as several: *Commonwealth v. Thurman*, 167 Pa. Superior Ct. 642, 76 A. 2d 483. It involves power of control and intent to control: *United States v. Curzio*, 170 F. 2d 354. The term has a common meaning which is generally understood, and need not be defined in the charge: *Commonwealth v. Bozzi*, 178 Pa. Superior Ct. 224, 116 A. 2d 290. Flight is evidence of consciousness of guilt and, in connection with other proof, may be the basis from which guilt is properly inferred: *Commonwealth v. Cerzullo*, 175 Pa. Superior Ct. 330, 104 A. 2d 179, and cases therein cited.

Having reviewed this record in the light of the foregoing principles, we agree with the court below that the evidence was sufficient to support appellant's conviction. Cf *Commonwealth v. Jung*, 86 Pa. Superior Ct. 569. In the words of President Judge DAVIS, after detailing the testimony: "In our opinion it was within the province of the jury to draw such inferences from these facts as they believed right and just".

Judgment affirmed.