Commonwealth *v.* Lewis, Appellant.

Argued September 22, 1959. Before RHODES, P. J., HIRT, WRIGHT, WOODSIDE, ERVIN, and WATKINS, JJ. (GUNTHER, J., absent).

592

*Howard F. Gittis*, with him *Edmund E. DePaul*, Assistant Defenders, and *Herman I. Pollock*, Defender, for appellant.

*Juanita Kidd Stout*, Assistant District Attorney, with her *Paul M. Chalfin*, First Assistant District Attorney, and *Victor H. Blanc*, District Attorney, for appellee.

OPINION BY WRIGHT, J., November 11, 1959:

Benjamin Lewis and James Johnson were indicted in the Court of Quarter Sessions of Philadelphia County on two charges of burglary, larceny, and receiving stolen goods, Bills Nos. 425 and 426 April Sessions 1959. They entered pleas of not guilty and were tried before President Judge SLOANE without a jury. At the conclusion of the Commonwealth's testimony, counsel for the defendants demurred to the evidence. The demurrer was sustained as to the charges of burglary and larceny, but overruled as to the charge of receiving stolen goods. The defense rested without presenting testimony. The trial judge found each defendant guilty of receiving stolen goods. Following the denial

of defendants' motions in arrest of judgment, sentences were imposed on Bill No. 425.[1] Lewis has appealed.

Sometime late in the evening of April 3, 1959 or early in the morning of April 4, 1959, the food market of David Caplan, at 2004 North 31st Street, was entered through a skylight, and 40 cartons of cigarettes, as well as $90.00 in money, were stolen. During the same period, Gilbert Bayson's drug store at 2445 Ridge Avenue, approximately three blocks from the Caplan market, was also entered and 12 cartons of cigarettes, as well as $10.00 in money, was stolen. The record discloses that each package of cigarettes bears a tax stamp number assigned to and placed on the package by the distributor. At about 10:30 on the morning of April 4, 1959, Lewis and Johnson were apprehended by Officer MacDonald as they were walking along Columbia Avenue carrying a suitcase. They stated that the suitcase contained clothes. The officer opened the suitcase and found nine cartons of cigarettes. Lewis and Johnson stated that they had purchased the cigarettes from an unknown man outside a taproom at 11th and Noble Streets; that they assumed the cigarettes were hot, but figured this was a good way to make a fast buck. Investigation revealed that there was no taproom at 11th and Noble Streets. Detective Morris, who conducted the interrogation, ascertained the tax stamp numbers on the packages of cigarettes found in the suitcase. These numbers corresponded with numbers assigned to the distributors who serviced Caplan and Bayson. One such number was 27262, and this same number appeared on a package of cigarettes removed from Lewis' pocket. Lewis stated that he had purchased this particular package the evening before from a cigarette machine in a res-

---

[1] Sentence was suspended as to each defendant on Bill No. 426.

taurant at 2512 Ridge Avenue. However, corresponding packages from that machine actually bore the number 27173.

The offense of receiving stolen goods is proscribed by Section 817 of The Penal Code of June 24, 1939, P. L. 872, as amended, 18 P.S. 4817, which reads as follows: "Whoever buys, has, or receives any goods, chattels, money or securities, or any other matter or thing, which shall have been stolen or feloniously taken, either in this Commonwealth or in any other state or country, knowing, or having reasonable cause to know the same to have been stolen or feloniously taken, is guilty of a felony". To support a charge of receiving stolen goods, the Commonwealth must prove (1) that certain goods were stolen; (2) that the defendant received some or all of such goods; and (3) that he received them knowing or having reasonable cause to know the same to be stolen: *Commonwealth v. Roth*, 169 Pa. Superior Ct. 88, 82 A. 2d 710.

It is well settled that proof of guilt may be established by circumstantial evidence: *Commonwealth v. Nasuti*, 385 Pa. 436, 123 A. 2d 435; *Commonwealth v. Kloiber*, 378 Pa. 412, 106 A. 2d 820; *Commonwealth v. Hooe*, 187 Pa. Superior Ct. 330, 144 A. 2d 580. "In a criminal prosecution, the evidence is sufficient to warrant a conviction where the circumstances proved are such as reasonably and naturally justify an inference of guilt, and are of such volume and quality as to overcome the presumption of innocence and satisfy the jury of the accused's guilt beyond a reasonable doubt": *Commonwealth v. Whalen*, 189 Pa. Superior Ct. 351, 150 A. 2d 133. One having in his possession goods recently stolen should account for such possession, and his failure to advance a reasonable explanation justifies an inference of guilt: See *Commonwealth v. Pittman*, 179 Pa. Superior Ct. 645, 118 A. 2d 214; *Common-*

*wealth v. Pollack,* 174 Pa. Superior Ct. 621, 101 A. 2d 140. We are convinced from our review of the record in the case at bar that the evidence was sufficient to support the verdict, and that appellant's motion in arrest of judgment was properly denied.

Appellant first contends that the Commonwealth failed to prove that the cigarettes found in his possession were the property of either Caplan or Bayson, relying principally on *Commonwealth v. Gold,* 155 Pa. Superior Ct. 364, 38 A. 2d 486. The *Gold* case was discussed and distinguished in *Commonwealth v. Cohan,* 177 Pa. Superior Ct. 532, 111 A. 2d 182. It is not here controlling. The Commonwealth proved in the instant case that the cigarettes found in defendant's possession bore tax stamp numbers assigned to distributors who serviced Caplan and Bayson. This fact, together with the quantity of cigarettes in the suitcase, appellant's statement that he assumed they were hot, and his false explanation as to how they were obtained, warranted an inference by the trial judge that the cigarettes were those stolen as charged in the indictments. See *Commonwealth v. Joyce,* 159 Pa. Superior Ct. 45, 46 A. 2d 529; *Commonwealth v. Frankina,* 156 Pa. Superior Ct. 152, 39 A. 2d 628. The factual situation in the instant case resembles that in *Commonwealth v. Meyers,* 154 Pa. Superior Ct. 8, 34 A. 2d 916, wherein circumstantial evidence adduced by the Commonwealth was held sufficient to sustain the appellant's conviction of receiving stolen sparkplugs which could not be identified absolutely. See also *Commonwealth v. Wilson,* 394 Pa. 588, 148 A. 2d 234; *Commonwealth v. Sears,* 188 Pa. Superior Ct. 31, 146 A. 2d 79; *Brown v. Commonwealth,* 76 Pa. 319.

Appellant next contends that the Commonwealth failed to prove the corpus delicti, and that the police officers should not have been permitted to testify as

to his statements. It is of course true that the corpus delicti must be proved before a confession may be received. See *Commonwealth v. Gardner*, 282 Pa. 458, 128 A. 87; *Commonwealth v. Puglise*, 276 Pa. 235, 120 A. 401. While the corpus delicti must be proved beyond a reasonable doubt, it may be established by circumstantial evidence: *Commonwealth v. Dolph*, 164 Pa. Superior Ct. 415, 65 A. 2d 253. Proof of corpus delicti is accomplished by showing a specific injury or loss and the criminality of some person as the source thereof, *Commonwealth v. DuHadway*, 175 Pa. Superior Ct. 201, 103 A. 2d 489. The defendant's criminal agency does not form part of the corpus delicti: *Commonwealth v. Thomas*, 189 Pa. Superior Ct. 25, 149 A. 2d 165. However, appellant's statements to the officers in the case at bar did not amount to confessions or admissions, but were merely explanations shown to be false by other Commonwealth evidence. As stated in the opinion below: "There is thus no question of receiving a confession before proof of the corpus delicti has been established, or even of receipt of admissions or self-incriminating statements. What the statements really amounted to were attempts at concealment or diverting suspicion which, though also circumstantial evidence, are admissible and support an inference of guilt". See *Commonwealth v. Jones*, 97 Pa. Superior Ct. 417.

Appellant finally contends that statements by the distributors who serviced Caplan and Bayson identifying the tax stamp numbers assigned to them were inadmissible as hearsay. This contention was apparently not raised in the court below. See *Commonwealth v. Mays*, 182 Pa. Superior Ct. 130, 126 A. 2d 530. In any event, and notwithstanding appellant's assertion to the contrary, the record does not disclose an objection to the testimony of Detective Morris rela-

tive to the manner in which he ascertained the tax stamp numbers. If an objection had been raised, the technical discrepancy could have been immediately rectified by calling the distributors as witnesses. Moreover, by way of cross-examination, appellant's counsel brought out the fact that the officer had ascertained the tax stamp numbers in telephone conversations with the distributors. In the absence of fundamental error, evidence admitted without objection is to be given its natural probative effect: *Commonwealth v. Walker,* 178 Pa. Superior Ct. 522, 116 A. 2d 230.

Judgment affirmed.