Commonwealth *v.* Saurbaugh, Appellant.

Argued December 15, 1960. Before RHODES, P. J., GUNTHER, WRIGHT, WOODSIDE, ERVIN, WATKINS, and MONTGOMERY, JJ.

*Victor Dell'Alba,* for appellant.

*Frank B. Boyle,* District Attorney, for Commonwealth, appellee.

OPINION BY WRIGHT, J., March 22, 1961:

Russell P. Saurbaugh was brought to trial in the Court of Quarter Sessions of York County on a bill of indictment charging that he "being then and there the operator of a motor vehicle . . . did strike and collide with another motor vehicle . . . thereby causing damage . . . and he, the said Russell P. Saurbaugh, did then and there wilfully and unlawfully fail to stop . . . and then and there wilfully and unlawfully did fail to reveal his identity and the registration number of his vehicle". This offense, commonly termed hit and run, is proscribed by Section 1027 of The Vehicle Code.[1] At the conclusion of the Commonwealth's testimony, a demurrer to the evidence was presented by Saurbaugh's counsel and overruled by the trial judge. The jury returned a verdict of guilty. Motion for a new trial and in arrest of judgment were refused by the court en banc, and sentence was imposed. This appeal followed.

Mrs. Pauline Wertz, the prosecutrix, testified that on October 31, 1959, at 11:00 P. M., she was operating a brown-colored 1951 Kaiser automobile in an easterly direction on East Princess Street in the City of York. Upon reaching the intersection of East Princess and Queen Streets, she stopped at a traffic light. At that moment an automobile, being operated south on Queen Street and turning right to go west on East Princess Street, "came around the corner . . . in my lane of traffic and hit the left front end of my car . . . I put my window down in the car and I asked him to pull over and stop and he attempted like he was going to, and at the same instant he took off and went down west on Princess Street. So I turned around and . . . chased his car . . . and . . . secured his license number and I went straight to City Hall". The license num-

---

[1] Act of April 29, 1959, P.L. 58, 75 PS 101 et seq.

ber reported by Mrs. Wertz was R-57542. However, at the trial she stated that the number was actually R-57452, that the car was a cream-green Plymouth, that the driver was a man, and that there was a woman passenger. Later that evening an officer "took me to identify the car, and it was parked on South Queen Street and I identified the car . . . Q. And you are sure this was the same car. A. I was positive".

Stephen H. Woodward, a bystander, testified that he witnessed the collision, that the first three numbers on the license plate of the car making the right turn were R-57, that it was an old model Plymouth or Dodge, light blue or light green, and that "there was a woman and a man in there". Later that evening he was taken by an officer to see a car parked on South Queen Street and he identified it as "the same car".

Thomas B. Chatman, Jr., a city police officer, testified that, after receiving a radio dispatch concerning the collision, he came across a light colored Plymouth automobile parked on South Queen Street, that its license number was R-57452, "and there was a woman and a man getting out of the car". He identified the man as Russell P. Saurbaugh and the woman as Romaine Hall. "I asked to see his operator's card and his owner's card and he gave them to me, and I asked him about the accident and he denied knowing anything about it. . . Q. And how was it registered. A. It was registered to Russell Saurbaugh". The officer further testified that on the left front bumper of the Saurbaugh car "there was brown paint . . . where it scraped along the fender". The testimony of Officer Chatman was corroborated by that of Officer George G. Smith, Jr.

Russell P. Saurbaugh testified that he was the owner of a 1951 bluish-green Plymouth, that he had been operating his vehicle that evening in the general area, but not at the precise time and place, and that the

vehicle had not been involved in any collision. He admitted that there were "scratch marks" on the left portion of the front car bumper but stated that they were "brown rust". The testimony of Saurbaugh was corroborated by that of Romaine Hall.

Oscar F. Sharp, a used car dealer, testified that he had sold the Plymouth to Saurbaugh, that he examined the car after the alleged offense, that there were no marks on it "other than what was in when he bought it", and that "it had some rusty marks and scratches that the ordinary 1951 automobile has".

We have set forth the testimony in considerable detail because the contentions of appellant on this appeal, in sum, raise only one question, namely, the sufficiency of the evidence. It is argued that the facts and circumstances were not "of such a character as to produce a moral certainty of guilt of the accused beyond any reasonable doubt", and that the Commonwealth's evidence was "so weak and inconclusive that as a matter of law no probability of fact tending to prove that the defendant was involved in the accident could be drawn from the circumstantial evidence".

It is not the law that, where the evidence against a defendant in a criminal case is entirely circumstantial, the Commonwealth must prove facts and circumstances of such a character as to establish his guilt to a moral certainty; it is enough that the circumstantial evidence proves guilt beyond a reasonable doubt: *Commonwealth v. Kloiber*, 378 Pa. 412, 106 A. 2d 820. A correct statement of the circumstantial evidence rule is set forth in *Commonwealth v. Hooe*, 187 Pa. Superior Ct. 330, 144 A. 2d 580, as follows: "As re-stated by Mr. Chief Justice STERN . . . the rule is that, in order to warrant a conviction, 'the circumstances proved should be such as reasonably and naturally to justify an inference of the guilt of the accused, and of such volume and quality as to over-

come the presumption of innocence and satisfy the jury of the accused's guilt beyond a reasonable doubt' ".

Appellant relies principally upon the case of *Commonwealth v. Bolger*, 182 Pa. Superior Ct. 309, 126 A. 2d 536. In his brief before the court en banc he quoted from the dissenting opinion in the *Bolger* case. In his brief on this appeal he quotes from the majority opinion in the *Bolger* case. However, neither quotation supports appellant's contention. It should be noted that, in the *Bolger* case, the license number was not obtained at the time and scene of the collision.

Viewing the evidence in the instant case in its most favorable light, *Commonwealth v. Anderson*, 191 Pa. Superior Ct. 213, 156 A. 2d 624, we must necessarily conclude that the verdict of the jury established the fact, as Mrs. Wertz testified at the trial, that the license number of the automobile which collided with her car was R-57452. Under Section 1212 of The Vehicle Code (75 PS 1212), the registration plate displayed "shall be prima facie evidence that the owner of such vehicle or tractor was then operating the same". Section 1212 further provides that, if "the owner shall testify . . . that he was not operating the said vehicle or tractor at the time of the alleged violation . . . and shall submit himself to an examination as to who at the time was operating such vehicle or tractor, and reveal the name of the person, if known to him . . . then the prima facie evidence arising from the registration plate shall be overcome and removed". See *Commonwealth v. Bursick*, 170 Pa. Superior Ct. 375, 85 A. 2d 608. However, it was not appellant's theory that some other person was the operator of his vehicle. He testified that he himself had been operating his vehicle that evening in the general vicinity, although not at the exact time and place of the collision, and that it was not his car which struck the automobile of Mrs. Wertz. Whether or not, under such circum-

stances, the "prima facie evidence" remained in the case, we are clearly of the opinion that the testimony warranted an inference of fact which was for the consideration of the jury.

In brief, our review of this record discloses that the Commonwealth established all of the elements of the offense charged. The credibility of the witnesses and the facts to be found from the testimony were for the jury: *Commonwealth v. Rose,* 179 Pa. Superior Ct. 531, 117 A. 2d 797. The controlling issues were submitted by Judge SHADLE in a comprehensive and impartial charge, to which appellant took no exception, and concerning which no complaint is here made. We are in entire accord with the view of the court en banc that the evidence was sufficient "to permit the jury to conclude beyond a reasonable doubt that the defendant was in fact the operator who failed to stop at the accident".

The judgment is affirmed, and it is ordered that appellant appear in the court below at such time as he may be there called, and that he be by that court committed until he has complied with his sentence or any part thereof which had not been performed at the time the order of supersedeas was entered.