Commonwealth *v.* Russell, Appellant.

Argued December 11, 1969. Before WRIGHT, P. J., WATKINS, MONTGOMERY, JACOBS, HOFFMAN, SPAULDING, and CERCONE, JJ.

*David N. Savitt,* with him *John Patrick Walsh,* and *Walsh & Savitt,* for appellant.

*James D. Crawford,* Assistant District Attorney, with him *Arlen Specter,* District Attorney, for Commonwealth, appellee.

OPINION PER CURIAM, March 19, 1970:
Judgment of sentence affirmed.

———————

DISSENTING OPINION BY HOFFMAN, J.:
Appellant, William Russell, was indicted on charges of burglary, larceny and receiving stolen goods. At the conclusion of the trial before a judge alone, appellant was found not guilty of burglary and larceny, but guilty of receiving stolen goods. This appeal followed.

This case involved the theft of several items from the home of one Elizabeth Brinton. The Court in its opinion relied heavily on the following testimony which was crucial in reaching its decision.

"Thomas A. Laub, a next-door neighbor of Miss Brinton, testified that on the evening in question at approximately 11 o'clock, he did observe a vehicle going up and down the common driveway to the rear of his property. This driveway runs the entire length of the block in the rear of the houses on the 4800 block of Castor Avenue, and provides access to the garages at the rear of each home. Laub testified that the vehicle passed him a couple of times while he was putting his car away, that he thought the occurrence odd and he therefore made a mental note of the license number of the vehicle and subsequently reported that number to the police. Laub testified further that he observed only the driver in the vehicle and that he was unable to give any description of that person."

Motor vehicle records disclosed that the automobile was registered in appellant's name at a New Jersey apartment. A subsequent search at that apartment, which was occupied by appellant's sister disclosed one of the stolen items.

In finding appellant guilty the court stated that "we were satisfied beyond a reasonable doubt that the defendant was in fact the operator of the vehicle observed by Mr. Laub at or near the time and place of the burglary." Its conclusion in this regard was based on §12 of The Vehicle Code which provides that registration plates displayed on a vehicle are prima facie evidence that the owner was operating the vehicle at the time of the motor vehicle violation.[1]

---

[1] Section 12 of The Vehicle Code provides: "*In any proceeding for a violation of the provisions of this act or any local ordinance, rule or regulation,* the registration plate displayed on such vehicle or tractor shall be prima facie evidence that the owner of

This section of The Vehicle Code, however, by its very terms, applies only to a proceeding for a violation of it or of any local ordinance, rule or regulation. There is nothing in the statute which suggests that the presumption contained therein is applicable to violations of The Penal Code, nor has the Commonwealth cited any case where it has been so applied.[2] In the absence of any indication by the legislature that this presumption should apply in this case, I believe that the court erred in relying upon it.

Moreover, even if the presumption were to apply to violations under The Penal Code, there would be some question as to whether the statute is constitutional. I believe that the statement of Judge (now President Judge) WRIGHT in his dissenting opinion in *Commonwealth v. Bolger,* note 2 supra at 317, merits serious consideration. Judge WRIGHT stated: "I . . . question what I consider to be the fundamentally erroneous statement in the majority opinion that, if the defendant chose to testify, 'the burden would have shifted

such vehicle or tractor was then operating the same. If at any hearing or proceeding, the owner shall testify, under oath or affirmation, that he was not operating the said vehicle or tractor at the time of the alleged violation of this act or any local ordinance, rule or regulation, and shall submit himself to an examination as to who at that time was operating such vehicle or tractor, and reveal the name of the person, if known to him, or, if the information is made in a county other than that of his own residence, shall forward to the magistrate an affidavit setting forth these facts, then the prima facie evidence arising from the registration plate shall be overcome and removed and the burden of proof shifted." Act of April 29, 1959, P. L. 58, §1212, 75 P.S. §1212 [Emphasis added.]

[2] The only cases cited by the lower court are *Commonwealth v. Bolger,* 182 Pa. Superior Ct. 309, 126 A. 2d 536 (1956) ; and *Commonwealth v. Saurbaugh,* 194 Pa. Superior Ct. 346, 168 A. 2d 638 (1961). Neither of these cases is applicable, however, because each involves leaving the scene of an accident which is a specific violation under The Vehicle Code.

back to the Commonwealth to prove who was the operator'. The burden is upon the Commonwealth *throughout the entire trial* to prove the defendant's guilt beyond a reasonable doubt, and that burden never shifts from the Commonwealth." [Emphasis added.]

As Judge WRIGHT recognized, the Commonwealth seeks to use the presumption to satisfy its burden of proof. It seeks to substitute proof of ownership for proof of operation. But it attempts to do so without any "substantial assurance that the presumed fact is more likely than not to flow from the proved fact on which it is made to depend." *Leary v. United States,* 395 U.S. 6, 36, 89 S. Ct. 1532, 1548 (1969). Certainly, even were that "assurance" apparent, it is not apparent that the "presumption [of operation] which passes muster when so judged . . . also [satisfies] the criminal 'reasonable doubt' standard . . . ." Id. at 36 n. 64, 89 S. Ct. at 1548. Thus, even were the presumption applicable to The Penal Code, serious constitutional question would arise as to its validity.

For the reasons stated herein, therefore, I would vacate the judgment of sentence and grant a new trial.