deFURIA J.,
— Defendant was charged with failure to stop after an accident resulting in injury to a person or damage to property, a misdemeanor under The Vehicle Code of April 27, 1959, P. L. 58, sec. 1027, 75 PS § 1027(a).
He elected to be tried by a judge without a jury on June 18, 1970, and was found guilty. His motion for new trial is before us.
The Commonwealth’s case indicated that:
A young man, with his fiancee as passenger, was driving east on Eleventh Street, in the City of Chester, crossing Edgmont Avenue with a green light when they were struck broadside by a vehicle which went through the red light going south on Edgmont. This vehicle sped away from the scene.
The girl was very severely injured and the car badly damaged.
The time was 2:45 a.m. The young man was stunned, and could remember only that the car which struck his was a rather large car, dark in color. He saw that it was leaking water and leaving a trail in the street. He saw it proceed south for one block and turn left from his view.
Two Chester policemen, cruising in the vicinity, received a radio message at 2:50 a.m. and were at the scene in seconds. They followed the trail of water over a circuitous route for 11 blocks to Eleventh and Chestnut. The direct distance from the scene of the accident at Eleventh and Edgmont to Eleventh and Chestnut was only five blocks.
*3 The policemen found a 1960 Pontiac grey convertible parked at Eleventh and Chestnut. It was damaged in the front. The radiator was still leaking water. The engine was warm. The time was 2:55 a.m.
On radioing the registration plate number to headquarters, the policemen found that defendant, the registered owner, had just left the police station after reporting his car stolen.
Defendant’s evidence indicated that:
He “resided” at 1018 Walnut Street, about a block from the place his car was found, but “lived” with his sister at 338 East Eleventh Street, about two blocks farther away.
The car was his. No one else drove it.
He denied being the operator at the time of the accident, and said he did not know who drove it.
He had left his car parked about two car lengths from 338 East Eleventh Street. He had the keys. At 9:30 p.m. he left with Albert Jackson, in Jackson’s car. They went to a night club a few miles away, spent the evening there, and returned about 2:40 a.m.
Jackson left and defendant entered his house, then went out again to see if his car was there. Upon finding it gone, he telephoned the police, and then drove to the police station in his brother-in-law’s car. He arrived at the station about 2:55 a.m.
He was corroborated by Albert Jackson, except that Jackson thought they had returned to defendant’s house about 2:25 a.m.
Defendant moved for a directed verdict.
Defendant’s counsel then asked the court to defer ruling and indicated that his client was willing to take a polygraph test; that the issue of credibility would be resolved thereby.
Because of the prevailing law, and the court’s own opinion as to the value of the so-called ‘lie detector *4 test,” the court took no position, but consented to defer ruling if the Commonwealth agreed to the test, which it did.
The test was administered by a State Trooper. His report stated: “Two charts were run on the subject and it is the opinion of the examiner that he is withholding information as to who was the operator of his motor vehicle.”
The test report is not in the record but reference to it is, as appears from the notes of testimony on July 29, 1970, when the court rendered its verdict.
This extended exposition is -necessary because the sufficiency of the evidence for the Commonwealth is a central issue.
Defendant contends that the statutory presumption arising from the registration plate of defendant’s vehicle was rebutted by defendant, and that the sole proof of the identity of the driver of the car thereby failed.
The Vehicle Code, section 1212, 75 PS §1212, provides:
“In any proceeding for a violation of the provisions of this act . . . the registration plate displayed on such vehicle . . . shall be prima facie evidence that the owner of such vehicle . . . was then operating the same.
“If at any hearing or proceeding, the owner shall testify . . . that he was not operating the said vehicle at the time of the alleged violation, . . . and shall submit himself to an examination as to who at that time was operating such vehicle . . . , and reveal the name of the person, if known to him, . . . then such prima facie evidence arising from the registration plate shall be overcome and removed and the burden of proof shifted.”
Several problems arise in determining the applicability and interpretation of the statute.
*5 Defendant does not dispute that sufficient evidence existed to lead to his car and to the application of the statute. He maintains that his denial and “explanation” destroy the value of the statutory presumption and of the Commonwealth’s evidence.
Defendant seeks more from the statute than it provides. Defendant’s position would permit his discharge despite the fact that the Commonwealth’s evidence, without resort to the statute, was sufficient to prove his identity as the driver beyond a reasonable doubt.
When is a defendant entitled to the benefit of the statute?
The registration plate of the vehicle involved in the accident is prima facie evidence that the person to whom the plate was issued was the driver at the time.
The statute creates “a true, legal presumption as described by Wigmore and also by Justice (later Chief Justice) Maxey in Neely v. Insurance Co. [322 Pa. 417] at pages 425, 426 and 427”: Commonwealth v. Bolger, 182 Pa. Superior Ct. 309, 317, 126 A. 2d 536 (1956), opinion by Judge (later Chief Judge) Ervin.
While the statute speaks of the burden of proof shifting if the presumption is rebutted, the burden of the Commonwealth never shifts. The statute is “an instrument of proof in the sense that it determines from whom evidence shall come”: Bolger, supra.
Once the presumption arises, how may defendant rebut and overcome it under the statute? The legislature, aware that it had created a means leading to artificial proof of identity, permitted, under detailed circumstances, not only the rebuttal of such artificial proof but the overcoming of it. Defendant’s rebuttal, without jury consideration, would neutralize the Commonwealth’s evidence so created.
This statutory rebuttal goes far beyond any normal *6 effect of a defendant’s countervailing evidence, which would create only an issue of fact for the jury.
But, to rebut and overcome the presumption, defendant must:
(1) Testify that “he was not operating the vehicle at the time, and
(2) submit himself to an examination as to who at the time was operating such vehicle, and
(3) reveal the name of the person, if known to him.
The statute plainly requires more than a mere
denial of driving. It requires defendant to reveal the name of the real driver, if known. If not known, defendant must describe, or at least reveal, the existence of the driver. If the statute is not so interpreted, it does not make sense, violates plain meaning and would be totally ineffective.
Any defendant could deny driving, disclaim any knowledge of the driver’s identity, and thereby win an acquittal despite overwhelming evidence leading directly to him.
Why does the statute require defendant to reveal the name of the driver, if known? The qualification “if known” applies to the name, and does not relieve the owner from revealing the existence of a driver.
We are aware that penal statutes must be strictly construed, but strict construction does not mean illogical construction violative of ordinary meaning.
Why did the legislature provide that the owner must submit himself to “an examination as to who at that time was operating”? To preclude defendant from saying merely that his car was gone, and he did not and could not know who was driving, and to limit his rebuttal to the situation where he had knowledge that someone else was driving his car.
The failure to recognize the limited ambit of the statute has led to confusing language and strained decisions.
*7 In Commonwealth v. Bolger, 72 Mtg. Co. L. R. 524 (1956), evidence led to defendant’s car. Defendant denied driving, claimed he was asleep, but could not explain the damage to his car which was found 10 feet from the entrance to his home, nor his failure to notify the police. The court granted a new trial because the trial judge had failed to charge the jury on the rebuttal provision of the statute. The court said that the presumption had been overcome and the burden shifted to the Commonwealth.
But the court merely granted a new trial and held that the finding of the car near defendant’s home and his failure to report the damage were for the jury.
Since defendant’s “explanation” did not come under the statute, it was an ordinary defense for the jury’s consideration.
In Commonwealth v. Figley, 29 Beaver Co. L. J. 156 (1969), the court found that the presumption was overcome and the burden shifted, and then added:
“We are impressed with the sincerity and truthfulness of the appellant and for that reason we find, as a fact, that he was not operating . . .”
Figley improperly raises an issue of credibility for the fact finder. If the Commonwealth’s case consisted only of the presumption, which was overcome, then an acquittal had to follow, because the statute does not require the submission of the explanation to a jury. The issue here was whether or not defendant came under the statute and met its requirements.
In Commonwealth v. Saurbaugh, 194 Pa. Superior Ct. 346, 168 A. 2d 638 (1961), a description and license number led to defendant’s car. Defendant denied he was the operator, and claimed he was near but not at the scene. This defendant’s explanation, thus, did not name another driver, but denied involvement in the accident.
The court held that, whether or not the prima facie *8 evidence arising from the license plate remained in the case, under the circumstances, the testimony warranted an inference of fact for the jury.
This result would follow if the court had ruled that defendant did not come under the statute. But the case does point out that the evidence leading to defendant’s car may be sufficient in itself on the issue of identity.
In Commonwealth v. Hicks, 203 Pa. Superior Ct. 307, 201 A. 2d 294 (1964), an eyewitness saw a pedestrian struck by a 1955 or 1956 black Chrysler or Plymouth with a red top. The next day, police found a damaged 1955 Plymouth, matching the description. Defendant claimed he was unaware of the damage, did not know how it was sustained and, though near the scene, was not in the accident.
The court, without discussing the presumption, found sufficient circumstantial evidence beyond a reasonable doubt to prove defendant’s identity as the driver, and to convict him of failure to stop and of involuntary manslaughter.
In a trial without a jury, the judge held the evidence sufficient where the license number was obtained at the scene, and the police found defendant’s damaged car. Defendant testified he did not remember striking another car, and the damage had been previously sustained: Commonwealth v. Campbell, 40 Northumb. 192 (1968).
Since defendants in Hicks and Campbell did not come within the statute, the issue was properly for a jury.
The Superior Court, in Bolger, ante, reversed the lower court which sustained a demurrer. A small piece of wreckage from the accident was traced to defendant’s car.
The court analyzed the rebuttal portion of the statute, and by way of dictum stated: The presumption permits defendant to:
*9 1. Remain silent (and defend on the weakness of the evidence against him) or
2. Take the stand and deny being the driver, and reveal the name and address of the real driver.
3. If defendant does so, then the presumption is overcome and the burden shifted back to the Commonwealth to prove that defendant was the driver.
4. If the Commonwealth relies solely on the presumption, after rebuttal the defendant is entitled to discharge. However, if the Commonwealth has other evidence on the issue, then the case proceeds.
5. One purpose of the statute is to permit prosecution of the actual driver, after his identity is revealed by defendant.
As we have shown, the burden of proof never shifts, nor does the statute require an address. But the court in Bolger did address itself to the definite provisions of the statute requiring defendant to claim that someone else known to him drove the car.
If he knows the name, he must disclose it. But at least he must be able to prove the existence of such driver, and not by the exclusionary argument that since he did not, and obviously someone did, then someone else was the driver.
Such interpretation would follow the express terms of the statute and would reasonably allow an owner to exculpate himself when he could show that another driver used his car. If he knows the identity (name) of the driver, he must reveal the same. But, at least, he must show the existence of another driver known to him.
In Commonwealth v. Hoffert, 32 Lehigh 323 (1967), a description and license number led to defendant’s car. He denied he was the operator. The court found that his denial and submission to examination were sufficient to remove the prima facie evidence of the registration plate, but not sufficient to remove from the case the circumstantial evidence.
*10 We believe Hoffert did not come within the statute, and the circumstantial evidence of identity was sufficient to go to the jury.
The true rule appears to be: The (circumstantial) evidence which leads to the identification of defendant’s vehicle, and thus allows the presumption to operate, may be sufficient to take the case to the jury even after the presumption is rebutted.
Such a rule allows rebuttal to operate as the legislature provided, and removes that issue from the jury. But there is no reason why circumstantial or other evidence cannot have weight in itself both to initially raise the presumption and to raise an inference of fact. The former, artificially created, is removed if rebutted, but the latter remains.
In the case at bar, there is sufficient evidence leading to defendant’s identity as the driver beyond a reasonable doubt. The time element, the partial description, the damage and the tell-tale trail of water lead inescapably to defendant. Since he did not come within the statute, his credibility was in issue, and his credibility was found wanting.
ORDER
And now, November 5, 1970, defendant’s motion for new trial is dismissed and refused.
Defendant shall present himself before the court on Wednesday, November 25, 1970, at 10 a.m. in Courtroom 1, Courthouse, Media, Pa.