Commonwealth *v.* Wright, Appellant.

Argued September 14, 1970. Before WRIGHT, P. J., WATKINS, MONTGOMERY, JACOBS, HOFFMAN, SPAULDING, and CERCONE, JJ.

*Richard Marvin,* Assistant Defender, with him *John W. Packel,* Assistant Defender, and *Vincent J. Ziccardi,* Acting Defender, for appellant.

*Milton M. Stein,* Assistant District Attorney, with him *James D. Crawford,* Deputy District Attorney, *Richard A. Sprague,* First Assistant District Attorney, and *Arlen Specter,* District Attorney, for Commonwealth, appellee.

OPINION PER CURIAM, November 13, 1970:
Judgment of sentence affirmed.

---

DISSENTING OPINION BY HOFFMAN, J.:

Appellant was charged with assault and battery, carrying firearms without a license, larceny of an automobile and receiving stolen goods. Testimony at trial revealed that at approximately 11:30 p.m. a police car received a call to investigate a shooting. While en route the officers received "flash information" to be on the lookout for a brown and white 1961 Chevrolet containing several Negro males. They stopped a "goldish-brown" car of which appellant was one of two male occupants. The officers did not recall where appellant was seated in the car.

The police testified that they originally left the "goldish-brown" car at the scene of the arrest. They indicated that some time during the night they discovered that this was a stolen car. Subsequently it was taken to Northwest Detective Division and later to North Central Detective Division.

The Commonwealth also produced evidence that a 1962 Chevrolet which "looked like green" had been reported stolen three days prior to the arrest. The owner testified that approximately five weeks after the arrest he identified his "green" car at a police station. There was no testimony linking the "goldish-brown" car and the "green" car.

Appellant was found guilty on all charges except larceny. Following the denial of post-trial motions, sentence was suspended on all but the receiving stolen goods charge, on which appellant was sentenced. This appeal followed.

In order to convict appellant of receiving stolen goods, the Commonwealth must prove beyond a reasonable doubt "(1) that certain goods were stolen; (2) that the defendant received some or all of such goods; and (3) that he received them knowing or having reasonable cause to know the same to be stolen." *Commonwealth v. Lewis*, 190 Pa. Superior Ct. 591, 594, 155 A. 2d 410, 412 (1959).

In the instant case the Commonwealth candidly admits that it "could have more lucidly connected the automobile which the defendant was driving with the automobile stolen" and identified. This is an understatement. The Commonwealth did not present a scintilla of competent evidence to support the crucial fact necessary to convict, namely that the "goldish-brown" car in which appellant was apprehended was stolen.

Absent positive evidence of identification establishing that the "goldish-brown" car left at the scene of

the arrest was the same as the "green" car identified as stolen by its owner, the trier of fact could only speculate as to whether the vehicle in which appellant was apprehended was stolen. To convict on a charge of receiving stolen goods, it is essential that the Commonwealth prove beyond a reasonable doubt that the goods received were "stolen". The trier of fact is not permitted to speculate on this issue. Cf. *Commonwealth v. Vozzelli,* 217 Pa. Superior Ct. 18, 268 A. 2d 132 (1970).

Since the Commonwealth has failed to meet the well accepted standards of proof enumerated in *Commonwealth v. Lewis,* supra, I would vacate the judgment of sentence and order a new trial. *Commonwealth v. Zimmerman,* 214 Pa. Superior Ct. 61, 251 A. 2d 819 (1969).

MONTGOMERY and SPAULDING, JJ., join in this dissenting opinion.