## Commonwealth *v.* Murray, Appellant.

Argued September 21, 1970. Before WRIGHT, P. J., WATKINS, MONTGOMERY, JACOBS, HOFFMAN, SPAULDING, and CERCONE, JJ.

*Michael J. Perezous,* with him *Xakellis, Perezous & Mongiovi,* for appellant.

*George T. Brubaker,* Assistant District Attorney, with him *Henry J. Rutherford,* Assistant District Attorney, and *Clarence C. Newcomer,* District Attorney, for Commonwealth, appellee.

OPINION PER CURIAM, December 10, 1970:
Judgment of sentence affirmed.

---

DISSENTING OPINION BY HOFFMAN, J.:

In May of 1968, pursuant to a search warrant, the Pennsylvania State Police raided an isolated cottage in Lancaster County. Appellant and another person had signed the lease for the cabin two weeks prior to the raid. When appellant heard the police outside, he went onto the porch of the cabin to see what was happening. The police searched his person, and found nothing. However, a search of the cabin and the people who were there turned up quantities of marijuana.

Appellant and seven codefendants were indicted for possession of marijuana in violation of The Drug, Device and Cosmetic Act, Act of September 26, 1961, P. L. 1664, 35 P.S. §780-4(q). Appellant was tried before a jury along with the codefendants. He was found guilty of possession of marijuana. From judgment of sentence, this appeal followed.

The only meritorious issue presented on appeal is whether the judge correctly charged the jury concerning the standard that should be applied in determining appellant's guilt or innocence.

The trial judge charged in pertinent part:

"[Appellant] was the tenant of this property and was in possession of the property. It was his and [the cotenant's]; it was his castle. He had control of everything and everybody in his home. While he had no marihuana in his immediate possession, there is testimony here which you can believe if you decide it is

credible that there was marihuana in this property and that being there, and he being in possession of the property, he was in possession of the marihuana. Remember that you do not have to believe this Sergeant from the Crime Laboratory that this was marihuana if you do not think his testimony is credible, but if you believe that testimony, then there was marihuana in this property and [appellant] was the possessor of that property, the cotenant, the other tenant not being there."

Later in his charge, the trial judge again referred to appellant:

"[Appellant] said he was the cotenant of this property, but he did not know anything about marihuana being there or being smoked. Now these people are not accused of smoking marihuana or of using it. That is not what they are charged with. They are charged with possession and whether or not somebody smoked marihuana down there at the cottage some time or other is immaterial in this trial.

"[Appellant], the cotenant, is charged with possession because he was in possession of that cottage and there was marihuana there if you believe the Crime Laboratory expert." Appellant's counsel specifically objected to these sections of the charge to the jury. His objections were overruled by the court and an exception was granted.

A conviction for possession of marijuana must be based on two elements: the intent to control and the power to control. *Commonwealth v. Hooe,* 187 Pa. Superior Ct. 330, 144 A. 2d 580 (1958) (WRIGHT, J. [Now P. J.]). "The rule is that in order to warrant a conviction, 'the circumstances proved should be such as reasonably and naturally to justify an inference of the guilt of the accused, and of such volume and quality as to overcome the presumption of innocence and

satisfy the jury of the accused's guilt beyond a reasonable doubt'. [Commonwealth v. Nasuti, 385 Pa. 436, 445, 123 A. 2d 435, 439 (1956)]" Id. at 333, 144 A. 2d at 581.

In the instant case the jury was never given a chance to decide the question of whether appellant had the requisite intent to control and power to control the marijuana found in the cabin. The trial judge instructed the jury that they *must* find appellant guilty of possession of any marijuana found in the cottage simply because appellant was the cotenant and because he was present in the cottage. But, since appellant had testified that he did not know that any marijuana was present in the cabin, a factual question was presented which should have been decided by the jury, not the trial court.

It is settled law that "it is the exclusive province of the jury, not the court, to decide all the facts, the inferences therefrom, the credibility of the witnesses and the weight and effect to be given to all the testimony. While the main purpose of a judge is to state and explain the law and briefly review the evidence, it is always the privilege and sometimes the duty of a trial judge to express his own opinion . . . provided (1) there is reasonable ground for any statement he may make; and (2) *he clearly leaves to the jury the right to decide all the facts and every question involved in the case, regardless of any opinion of the court thereon* . . . ." *Commonwealth v. Chambers*, 367 Pa. 159, 164, 79 A. 2d 201, 204 (1951) (citations omitted) (emphasis added). The right to comment does not include the right to give binding instructions to the jury. *Commonwealth v. Ott*, 417 Pa. 269, 207 A. 2d 874 (1965).

The Commonwealth could not cite, and I could not find any case holding that, as a matter of law, a cotenant *ipso facto* is in legal possession of everything

found in the premises he is renting. In *Commonwealth v. Tirpak*, 216 Pa. Superior Ct. 310, 263 A. 2d 917 (1970), allocatur granted, 216 Pa. Superior Ct. lxxv, relied upon by the Commonwealth, the jury was permitted to infer possession of marijuana as a factual matter. In that case, and other cases, in this area, the question has always been considered a factual issue which was to be determined by the trier of fact. *Commonwealth v. Pinckney*, 194 Pa. Superior Ct. 371, 168 A. 2d 922 (1961), *cert. denied*, 368 U.S. 857, 82 S. Ct. 95 (1961), *Commonwealth v. Hooe*, supra, *Commonwealth v. Thurman*, 167 Pa. Superior Ct. 642, 76 A. 2d 483 (1950).

Because the trial judge improperly removed an issue from the jury's consideration and in effect gave binding instructions to the jury, I would reverse the judgment of sentence and remand the record for a new trial.