Commonwealth *v.* Thurman, Appellant, et al.

Argued September 26, 1950. Before RHODES, P. J.,
HIRT, RENO, DITHRICH, ROSS, ARNOLD and GUNTHER,
JJ.

*Harry R. Back,* with him *H. Jerome Jaspan,* for appellant.

644

*Colbert C. McClain,* Assistant District Attorney, with him *John H. Maurer,* District Attorney, for appellee.

OPINION BY HIRT, J., November 14, 1950:

Appellant Thomas Thurman was joined as a defendant with Garnie Segers and Benjamin Ellensworth in one indictment charging them, under §904 of The Penal Code of June 24, 1939, P.L. 872, 18 PS §4904, with possession of burglary tools. The three were also charged jointly as defendants in a second indictment with bringing stolen property into the State in violation of §818 of the Act, 18 PS §4818. The two charges were tried together. In the course of the trial Segers changed his pleas to guilty; the other two defendants were convicted on both charges and were sentenced. Thurman alone has appealed.

A review of the testimony will demonstrate that there is no merit in this appellant's contention that the evidence is insufficient to sustain his convictions. On June 29, 1949, at 2:45 a.m. two officers in a patrol car noted an automobile parked near the corner of Eighth Street and Fairmount Avenue in Philadelphia under circumstances which aroused their suspicions. As they stopped to investigate, a man, later identified as Ellensworth, hurriedly slid out of the car and fled into the darkness. When the officers approached they found both Segers and Thurman in the car. A pair of brown rubber gloves and a glass cutter were found on Seger's person and there was a pair of black rubber gloves on the seat and Thurman was sitting upon them. Two flash lights were lying in full view on the back seat of the car. Six cases of whiskey were found inside the car and two cases in the trunk in the rear. A metal drawer from a cash till was also found in the car. A liquor store in Vineland, New Jersey, had been broken into earlier in the same morning and at the trial the owner

positively identified all of the liquor, and the till, as his property feloniously taken from his store, on that occasion.

It is unimportant, as bearing on Thurman's guilt, that neither the stolen property nor the burglary tools were found in his exclusive possession. Bill No. 729 charged the three defendants with *joint possession* of burglary tools. The offense as defined in the Act does not require that the tools be found on a defendant's person as in the case of carrying concealed weapons. Cf. *Commonwealth v. Lanzetti and Lanzetti,* 97 Pa. Superior Ct. 126. Possession within the meaning of the statute may be joint as well as several. Accordingly, three persons may be found to be in possession of burglary tools jointly, where the circumstances, as in this case, indicate the power of control and the intent to exercise joint control over them. *State v. McHenry,* 207 Iowa 760, 223 N.W. 535. So also the joint possession of the liquor and other property recently stolen in the State of New Jersey, was evidence of the guilt of all three defendants on the charge of bringing stolen property into this State. Cf. *Commonwealth v. Joyce,* 159 Pa. Superior Ct. 45, 46 A. 2d 529. Thurman's guilt however does not rest solely on his possession, with the other two defendants, of the burglary tools, the stolen liquor, and other property. After the arrest of the defendants all three of them, and Thurman specifically, according to the testimony of the arresting officers and a member of the New Jersey State Police, frankly admitted participation in the burglary in New Jersey and the bringing of the stolen property into Pennsylvania in Ellensworth's automobile. The credible evidence in this case amply supports Thurman's conviction beyond every reasonable doubt.

Moreover there were no trial errors requiring a new trial. Under the circumstances the court did not err in admitting evidence of other similar offenses com-

mitted jointly by these defendants in the same section of New Jersey shortly before the date laid in the present indictments. Two New Jersey police officers testified that the three defendants, after their arrest, admitted to them that they had burglarized a home on June 13th and a second residence in Landis Township, New Jersey, on June 21, 1949. Among the things stolen on the latter occasion were two suits of clothes which were subsequently pawned in Philadelphia. One of the pawn tickets bore Thurman's name. There is evidence also that Ellensworth's car was seen parked without lights on the night of June 19, 1949, in a prohibited area on Landis Avenue in Vineland, New Jersey under suspicious circumstances. All of the evidence was clearly admissible under the well established rule that "evidence of other crimes, committed before or after the specific crime charged, is competent to prove the crime charged when it tends to establish a common scheme or plan embracing the commission of two or more crimes so related to each other that proof of one tends to establish the other": *Commonwealth v. Darcy,* 362 Pa. 259, 66 A. 2d 663; *Commonwealth v. Strantz,* 328 Pa. 33, 195 A. 75. We agree with the trial judge that, taken together, all of these offenses tend to establish a concerted plan to burglarize dwellings and places of business in "the quiet area of a comparatively small country town" in New Jersey.

Finally, a mistrial did not result from the refusal of the court to direct the District Attorney to call the defendant Segers as a Commonwealth witness. At the trial Thurman and Ellensworth repudiated their admissions of guilt previously made to police officers and attempted to place an innocent construction on their presence in the automobile which contained the fruits of a burglary committed but a few hours before. Under the circumstances there was no obligation on the Commonwealth to call Segers. As a defendant who admitted

his guilt, of course he was an eye-witness. But a District Attorney is not required to call all eye-witnesses to the occurrence nor a particular eye-witness where he has reason to believe that the witness is unreliable. Much is left to his discretion under the general direction of the trial judge. *Commonwealth v. Deitrick,* 221 Pa. 7, 70 A. 275. Cf. *Commonwealth v. Zec,* 262 Pa. 251, 105 A. 279. And it is absurd to say that the Commonwealth was bound to call Segers in the face of the suspicion that he would perjure himself if called. The suspicion was well founded for when called by the other defendants Segers attempted to exonerate them and to assume full responsibility for both offenses. His testimony in this respect was too fantastic for belief. On that phase of the case we are in accord with this comment of Judge GUERIN: "His testimony was not necessary to establish the guilt of the defendants. He was in court as a defendant and not as a Commonwealth witness. It would be a dangerous doctrine to hold that a defendant may by such a maneuver thrust himself upon the Commonwealth as a witness bound to be unfriendly to it, and seeking only to exonerate his companions in crime. If such a rule were adopted, it would make it difficult, if not impossible, to obtain convictions of multiple defendants." There is no legal duty upon a District Attorney to call everyone whom counsel for defendant may suggest for that purpose. *Commonwealth v. Giacobbe,* 341 Pa. 187, 19 A. 2d 71. The court was right in refusing to compel the District Attorney to call Segers as a Commonwealth witness in this instance.

Judgments of sentence on Bills 728 and 730 are affirmed.