Commonwealth *v.* Whitman, Appellant.

632

Submitted November 14, 1962. Before RHODES, P. J., ERVIN, WRIGHT, WOODSIDE, WATKINS, MONTGOMERY, and FLOOD, JJ.

*Louis C. Glasso* and *Michael J. Pugliese,* for appellant.

*Martin Lubow,* Assistant District Attorney, and *Edward C. Boyle,* District Attorney, for Commonwealth, appellee.

OPINION BY WOODSIDE, J., December 12, 1962:

The question here is the sufficiency of the evidence to sustain the conviction of the appellant on the charges of possession of burglary tools[1] and violation of the Uniform Firearms Act.[2]

William Whitman, James M. Cononico and William N. Graham of Warren, Ohio, were arrested in the Borough of Pleasant Hills, Allegheny County, late on the night of October 30, 1960, after being stopped by an officer because their automobile's tail light was not illuminated. The automobile was being operated by Cononico in whose name it had been licensed in Ohio. When the officer stopped the automobile, Whitman was sitting beside Cononico on the front seat and Graham was sleeping on the back seat. Two loaded revolvers were under the front seat and the 25 articles listed below were in the trunk.[3] There could be no doubt that these items, especially when considered together, came within the designation of burglary tools. One of the tools in the trunk was a sledge hammer which, according to the opinion of an expert had been

---

[1] Act of June 24, 1939, P. L. 872, §904, 18 P.S. §4904.

[2] Act of June 24, 1939, P. L. 872, §628, as amended, 18 P.S. §4628.

[3] An acetylene torch with complete tanks, a heavy sledge hammer, one wheel wrench, steel drift pins, two hacksaw blades, one brace and bit, three steel chisels (not wood), two heavy duty screw drivers, one hacksaw complete with blade, one burning tip for torch, one heavy canvas tarpaulin, a can of lubricant, a black club, approximately a foot long filled with lead, one ballpeen hammer, two pairs of cloth gloves, one pair of burning goggles, one pair of shoes and socks, one pair of overalls, one blue handkerchief, one pair of blue pants, one gray and red knit sweater, one heavy sweatshirt, iodine swabs, sun glasses, pens.

used in opening a safe in a burglary which was committed in Pittsburgh several weeks before the appellant and his associates were arrested in Pleasant Hills. The three occupants of the automobile were charged with the burglary, possession of burglary tools and violation of the Uniform Firearms Act. They were tried by the court without a jury and found guilty on all charges. Motions for a new trial and in arrest of judgments were filed. The motion in arrest of judgment on the burglary charge was granted as to Whitman. The motions for a new trial and in arrest of judgment on the other two charges against him were denied. The three defendants were sentenced. Whitman alone appealed to this Court.

The sole question before us is the sufficiency of the evidence to sustain the convictions of Whitman on the two indictments on which he was sentenced.

When the three defendants were arrested, Cononico and Graham indicated their knowledge of the tools in the trunk and gave conflicting stories concerning them. Cononico said that the firearms belonged to him. Whitman said that he knew nothing about the firearms found under the front seat and the tools found in the trunk. Whitman's conviction cannot be sustained if he had no knowledge that the firearms and tools were in the automobile. But this knowledge need not be proven by his admission of such knowledge, or by testimony of his associates that he saw these articles. The defendant's knowledge of the presence of these articles may be *inferred* from all the surrounding circumstances.

Inference is a process of reasoning by which a fact or proposition sought to be established (here the prisoner's knowledge of the presence of the tools in the automobile) is deduced as a logical consequence from other facts, or a state of facts, already proved or admitted. *Simon v. Fine*, 167 Pa. Superior Ct. 386, 391, 74 A. 2d 674 (1950). It has also been defined as "a

deduction of an ultimate fact from other proved facts, which proved facts, by virtue of the common experience of man, will support but not compel such deductions." *In re: Dilios' Will,* 156 Me. 508, 521, 167 A. 2d 571, 578 (1960). The right inference or conclusion in point of fact, is itself a matter of fact, and to be ascertained by the jury or fact finder. *Simon v. Fine,* supra, p. 391; *Neely v. The Provident Life and Accident Insurance Co.,* 322 Pa. 417, 423, 185 A. 784 (1936). The inference to be drawn from the established facts is thus for the fact finder and not for us. The question we face is not whether we would draw the same inference as the trial judge, but whether under the evidence he could make such deduction as a logical consequence of other facts or whether his conclusion is a mere guess, surmise, suspicion, or conjecture.

Let us look then, to the "facts, or state of facts, already proved or admitted." The defendant and his two friends left their home community in Ohio "late in the evening" and were picked up by police during the night in Allegheny County, approximately a hundred miles away. They said that they were driving from Warren, Ohio, to Cumberland, Maryland, to look for work, but apparently the judge did not believe this. They were on a joint venture, whether it was going to Cumberland to seek employment, or whether it was going to commit a burglary and break open a safe. The appellant cannot put himself into the class of cases where two persons intent on crime invite an innocent friend to join them for a ride in their automobile.

An examination of the list of the items in the trunk of the car leads one inevitably to the conclusion that a complete set of burglary tools and accessories were being transported. Furthermore, the presence of the loaded firearms is additional evidence that the tools were intended for an illegal purpose, and the presence of the burglary tools is evidence that the firearms were

intended for use in connection with a burglary. *Commonwealth v. Festa*, 156 Pa. Superior Ct. 329, 335, 40 A. 2d 112 (1944). One of the tools was used in opening a safe during a burglary committed near the point of the defendants arrest 100 miles from their homes.

The appellant was sitting on the seat under which the loaded revolvers were found. He had in his possession a pair of black gloves which the trial judge said were "obviously not designed to afford any protection from the weather."

We believe that the trial judge had the right to deduce as a logical consequence from the state of facts proven or admitted that the appellant knew that the firearms and burglary tools were in the automobile and that the three defendants intended to use them in a burglary. See *Commonwealth v. Dionisio*, 178 Pa. Superior Ct. 330, 116 A. 2d 109 (1955). Burglary tools need not be in the manual possession of the party charged. *Commonwealth v. Breslin*, 194 Pa. Superior Ct. 83, 91, 165 A. 2d 415 (1960). The three defendants may be found to be in possession of burglary tools jointly. *Commonwealth v. Thurman*, 167 Pa. Superior Ct. 642, 645, 76 A. 2d 483 (1950).

The appellant leans heavily upon *Commonwealth v. Clinton*, 391 Pa. 212, 137 A. 2d 463 (1958). Although there are some similarities between that case and the one before us, there are also many differences. In the *Clinton* case, the trial judge rested his conviction upon considerations not properly before him. Furthermore, in the *Clinton* case there were no loaded revolvers, fewer tools, all of which were in no way connected with any known burglary, and there were no gloves on the defendants' persons, and the defendants were not 100 miles from their homes late at night.

We are satisfied that there was sufficient evidence in this case to permit the trial judge to find the appellant guilty.

Judgments of sentences are affirmed, and the defendant, William Whitman, is ordered to appear in the court below at such time as he may be there called, and that he be by that court committed until he has complied with his sentences or any part of same that have not been performed at the time these appeals were made a supersedeas.