## Commonwealth *v.* Townsend, Appellant.

Argued December 12, 1966. Before ERVIN, P. J., WRIGHT, MONTGOMERY, JACOBS, HOFFMAN, and SPAULDING, JJ. (WATKINS, J., absent).

*Lawrence Goldberg,* for appellant.

*William H. Wolf, Jr.,* Assistant District Attorney, with him *Welsh S. White* and *Alan J. Davis,* Assistant District Attorneys, *Richard A. Sprague,* First Assistant District Attorney, and *Arlen Specter,* District Attorney, for Commonwealth, appellee.

OPINION PER CURIAM, March 27, 1967:

The six judges who heard the argument of this appeal being equally divided in opinion, the judgments of sentence of the court below are affirmed, and the defendant is directed to appear in the court below at such time as he may be there called, and that he be by that court committed until he has complied with the sentence, or any part of it which had not been performed at the time the appeal was made a supersedeas.

DISSENTING OPINION BY SPAULDING, J.:

The sole question on appeal is whether there was sufficient evidence to sustain appellant's conviction of carrying a firearm without a license.[1]

On March 25, 1965, at approximately 8:45 p.m., police officers William Carlin and Fred Bacino were on duty in a patrol car near the intersection of Alle-

---

[1] Appellant was also convicted under §628(d) of the Act of June 24, 1939, P. L. 872, 18 P.S. §4628, as amended, which provides: "No person who has been convicted in this Commonwealth or elsewhere of a crime of violence shall own a firearm, or have one in his possession or under his control." The Commonwealth concedes there was no evidence that appellant was convicted of a crime of violence and agrees that the evidence was insufficient to sustain a conviction under §628(d).

gheny Avenue and Fox Street in Philadelphia. Carlin, the driver, observed a Rambler automobile about one car length in front of them which had stopped to let out one of its occupants, later identified as William A. Miller.[2] As Miller was getting out of the right side of the car, Bacino saw a weapon fall to the ground and said to Carlin, "That man dropped a gun, let us check them." Miller picked up the gun and threw it on the back seat of the car. The officers approached on foot—Bacino on the right side and Carlin on the left. Bacino asked Miller, "What did you throw in the back seat?" Miller did not reply. Bacino looked into the back seat and saw a .32 automatic pistol.

Carlin ordered the occupants—Joseph L. Giambi and appellant—out of the car. They were searched, but no weapons were found.

Bacino later noticed a second gun—a .22 Derringer —partially concealed under the front seat on the passenger side. After securing a warrant for the car, a subsequent search revealed a shotgun under the hood. Appellant was tried jointly with Giambi and neither testified nor presented evidence on their behalf.

Section 628(e) of the Act of June 24, 1939, P.L. 872, 18 P.S. §4628, as amended, in part provides: "No person shall carry a firearm in any vehicle or concealed on or about his person, . . . without a license. . . ." Possession of a firearm, sufficient for conviction under the statute, may be joint as well as several where the circumstances indicate the power of control and the intent to exercise it. See *Commonwealth v. Whitman,* 199 Pa. Superior Ct. 631, 186 A. 2d 632 (1962); *Commonwealth v. Pinckney,* 194 Pa. Superior Ct. 371, 168 A. 2d 922 (1961); *Commonwealth v. Thurman,* 167 Pa. Superior Ct. 642, 76 A. 2d 483 (1950). Establishment of the requisite intention to exercise control re-

---

[2] Miller did not appear at trial and his case was severed.

quires a finding of knowledge of the firearms in question. Appellant concedes control has been shown but alleges the trial court's finding of knowledge is unsupported by evidence.

The controlling issue is whether the record supports the trial court's conclusion that appellant had knowledge of the firearms in the car.

In presenting the facts, the court below stated: "There were two men in the front of the car, one Joseph L. Giambi was in the driver's seat and *defendant, Frank S. Townsend was seated next to him. . . .* While Officer Bacino was in the Rambler, he noticed another gun partially concealed under the seat on the passenger side. *This was the seat that defendant Townsend had been occupying, and if he had been still sitting in the seat, the gun would have been between his legs under the seat.* The gun was a .22 Derringer." (Emphasis added.) The court concluded: *"There is uncontradicted evidence that the .22 Derringer was found under the very seat in the car that defendant Frank S. Townsend had been previously occupying before the police requested that he get out of the car."* (Emphasis added.)

These statements regarding Townsend's position are without support in the record.

The entire evidence on this question is found in a dialogue between the defense attorney and Bacino:

"Q. When you went up to the automobile, isn't it a fact that Townsend was sitting in the middle of the automobile?

"A. I cannot recall that.

"Q. Giambi was driving, is that correct?

"A. Yes."

From this evidence, a finding that appellant was sitting on the right side of the front seat cannot be sustained.

The court below placed particular significance upon the gun partially concealed under the front passenger

seat. Accordingly, the finding that appellant occupied that seat is vital to a conclusion of his knowledge of the weapon.

We are aware that the inferences to be drawn from the evidence are for the fact finder and are subject to limited appellate review. See *Commonwealth v. Whitman,* supra, at 635; *Simon v. Fine,* 167 Pa. Superior Ct. 386, 74 A. 2d 674 (1950). However, there being no evidence of appellant's location in the car, the inference of his knowledge of the firearms is without support and his conviction should not stand.

JACOBS and HOFFMAN, JJ., join in this dissent.