Commonwealth *v.* Townsend, Appellant.

Argued November 15, 1967. Before BELL, C. J., MUSMANNO, JONES, COHEN, EAGEN, O'BRIEN and ROBERTS, JJ.

*Lawrence Goldberg,* for appellant.

*Welsh S. White,* Assistant District Attorney, with him *Alan J. Davis,* Assistant District Attorney, *Richard A. Sprague,* First Assistant District Attorney, and *Arlen Specter,* District Attorney, for Commonwealth, appellee.

OPINION BY MR. JUSTICE ROBERTS, January 9, 1968:

Appellant Frank S. Townsend was convicted by a judge sitting without a jury of two offenses under the Uniform Firearms Act, Act of June 24, 1939, P. L. 872, §628, as amended, 18 P.S. §4628(d) and (e)—possession of a firearm after a conviction of a crime of violence and possession of a firearm without a license. Concurrent sentences of one and one-half to three years were imposed and these sentences were affirmed by an equally divided Superior Court. See *Commonwealth v. Townsend,* 209 Pa. Superior Ct. 406, 228 A. 2d 206 (1967). We granted allocatur.

There is no record evidence that Townsend had been convicted of a crime of violence.[1] That conviction must therefore be reversed. See *State v. Tully,* 198 Wash. 605, 89 P. 2d 517 (1939). Townsend also contends that the evidence produced by the Commonwealth is insufficient to sustain his possession without a license conviction. We agree.

---

[1] The Commonwealth apparently conceded in the Superior Court that the possession after a conviction of a crime of violence conviction was not supported by sufficient evidence. See *Commonwealth v. Townsend,* supra at 407 n. 1, 228 A. 2d at 207 n. 1 (dissenting opinion).

The Superior Court dissenters carefully summarized the Commonwealth's evidence (*Commonwealth v. Townsend*, supra at 407-08, 228 A. 2d at 207): "On March 25, 1965, at approximately 8:45 p.m., police officers William Carlin and Fred Bacino were on duty in a patrol car near the intersection of Allegheny Avenue and Fox Street in Philadelphia. Carlin, the driver, observed a Rambler automobile about one car length in front of them which had stopped to let out one of its occupants, later identified as William A. Miller. As Miller was getting out of the right side of the car, Bacino saw a weapon fall to the ground and said to Carlin, 'That man dropped a gun, let us check them.' Miller picked up the gun and threw it on the back seat of the car. The officers approached on foot—Bacino on the right side and Carlin on the left. Bacino asked Miller, 'What did you throw in the back seat?' Miller did not reply. Bacino looked into the back seat and saw a .32 automatic pistol.

"Carlin ordered the occupants—Joseph L. Giambi [the driver] and appellant—out of the car. They were searched, but no weapons were found.

"Bacino later noticed a second gun—a .22 Derringer—partially concealed under the front seat on the passenger side. After securing a warrant for the car, a subsequent search revealed a shotgun under the hood. Appellant was tried jointly with Giambi and neither testified nor presented evidence on their behalf."

No weapons having been found on appellant's person, the Commonwealth premised its case upon a theory of joint possession. See, e.g., *Commonwealth v. Whitman*, 199 Pa. Superior Ct. 631, 186 A. 2d 632 (1962). Two elements are essential to a finding of joint possession: the power of control over the weapon and the intention to exercise this control. See, e.g., *Commonwealth v. Thurman*, 167 Pa. Superior Ct. 642, 76 A. 2d 483 (1950). Appellant concedes that the evidence was

sufficient to sustain a finding of power of control, but insists that, under the doctrine of *Whitman,* the Commonwealth has failed to demonstrate any knowledge on his part of the presence of the weapons, an element which is a necessary predicate to a finding of intention to exercise control.

Although the trial judge based his finding of guilt in great measure upon the fact that Townsend was sitting in the front seat (and thus the weapon partially concealed under the front seat would have been between Townsend's legs), there is absolutely no evidence of record indicating where Townsend was sitting. The totality of the Commonwealth's evidence on this point is contained in the following dialogue between the defense attorney and Officer Bacino:[2] "Q. When you went up to the automobile, isn't it a fact that Townsend was sitting in the middle of the automobile? A. I cannot recall that. Q. Giambi was driving, is that correct? A. Yes."

The Commonwealth must therefore rely on its contention that mere presence in a vehicle containing two weapons is sufficient to sustain a finding of guilt.[3] To support this contention, it cites *Commonwealth v.*

---

[2] The Commonwealth attempted to establish that Miller was sitting in the back seat, creating the situation that Townsend was sitting either in the front seat above the concealed weapon or in the back seat next to Miller, who apparently had a weapon in his possession. However, the record discloses only that when Miller stepped from the automobile, he was in a "crouched" or "slightly bent over" position. Given the fact that a Rambler is a compact car, Miller's position could just as easily have been a result of alighting from the front seat.

[3] When arrested, Townsend had several lacerations on his face. The Commonwealth attaches significance to these wounds as indicative of the fact that he was not just "along for the ride." We fail to perceive how this fact aids the Commonwealth's case or in any way demonstrates that Townsend had knowledge of the weapons.

*Whitman,* supra; *Commonwealth v. Pinckney,* 194 Pa. Superior Ct. 371, 168 A. 2d 922, cert. denied, 368 U.S. 857, 82 S. Ct. 95 (1961); *Commonwealth v. Hooe,* 187 Pa. Superior Ct. 330, 144 A. 2d 580 (1958); and *Commonwealth v. Thurman,* supra. Each of these decisions is clearly distinguishable. In *Pinckney* and *Thurman* both defendants stated to the arresting officers that they were involved in offenses utilizing the items of which they were found in possession. Such a statement was never made by Townsend. Whitman was convicted of possession of burglary tools and possession of an unlicensed weapon. The crucial distinction between Whitman's conviction and that of Townsend is the very fact upon which the trial judge erroneously relied—Whitman *was* sitting in the passenger's seat under which two weapons were found.

Hooe, according to the Commonwealth's brief, is its strongest case. Two narcotics officers observed Hooe and one Heflin, known narcotics users, in an automobile driven by Heflin. The officers were apparently recognized and a chase ensued during which one of the officers observed Hooe reach down and disappear from sight; a moment later a white envelope was ejected from the car window. The envelope contained heroin. Hooe was later apprehended in Alabama. Two distinguishing circumstances are thus present—Hooe's actions which gave rise to the permissible inference that he had ejected the envelope, and his subsequent flight. Not only was Townsend completely cooperative with the arresting officers, but there is not a shred of testimony beyond his mere presence to indicate that he was in any way associated with the weapons found.

In our opinion, *Commonwealth v. Clinton,* 391 Pa. 212, 137 A. 2d 463 (1958) controls. Reversing a conviction for joint possession of burglary tools, we there insisted that, in a prosecution based upon circumstantial evidence, conviction may not be based upon sus-

picion or conjecture, but rather the evidence must be such "'as reasonably and naturally to justify an inference of the guilt of the accused . . . and of such volume and quality as to overcome the presumption of innocence. . . .'" Id. at 218-19, 137 A. 2d at 466. Clinton's conviction was based upon his presence in an automobile containing burglary tools; Townsend's upon his presence in an automobile containing weapons. We thus must reverse.

The order of the Superior Court is reversed and the judgment of the Court of Quarter Sessions of Philadelphia County is reversed.

Mr. Justice JONES dissents.

CONCURRING AND DISSENTING OPINION BY MR. CHIEF JUSTICE BELL:

I would reverse the conviction of Townsend for possession of a firearm after a conviction of a crime of violence.

Although our Cities and States are confronted by an alarming crime wave which is nationwide and constantly increasing, recent decisions of the Supreme Court of the United States have extended almost unbelievably the rights of criminals. A majority of that Court believes that these newly discovered rights are created and protected by the Constitution. One of the principal results of these decisions, which are not only literally followed but at times extended by a majority of this Court, is the astonishing lack of protection of the public against criminals. It is high time that this trend is stopped and all Judges and all Courts return to the realm of reality and weight the scales of Justice evenly for law-abiding citizens and criminals alike.

Three persons were in the car, one of whom was Townsend, another was Giambi, who was driving the car, and the other was Miller, who was seated in the back seat. When Miller got out of the car a gun fell

to the ground. He picked up the gun and threw it back onto the back seat of the car. When the police who were at the scene immediately searched the car, they found this gun and a .22 Derringer gun which was partially concealed under the front seat on Townsend's side. The police subsequently found a shotgun under the hood.

Townsend was tried jointly with Giambi; neither testified, nor was any evidence presented in their behalf. It is undisputed, I repeat, that Townsend was in the car, which contained in addition to himself, the driver Giambi and Miller and three guns, one in the back seat and one in the front seat on the passenger side.

Does Townsend have to be caught with a gun in his hand or his finger on the trigger?

Under all the facts and circumstances in this particular case, it is incomprehensible to me how naive and unrealistic a majority of this Court can be about Townsend's guilt. I would affirm the conviction and judgment of sentence in the case in which Townsend was convicted of and sentenced for possession of a firearm without a license.