**Evelyn Carol GAYLOR, Defendant-Appellant,**

v.

**UNITED STATES of America, Plaintiff-Appellee.**

**No. 23992.**

United States Court of Appeals, Ninth Circuit.

April 13, 1970.

John D. Atherton (argued), San Diego, Cal., for appellant.

Shelby R. Gott (argued), Asst. U. S. Atty., M. Phillip Johnson, Asst. U. S. Atty., Harry D. Steward, U. S. Atty., San Diego, Cal., for appellee.

Before CHAMBERS and JERTBERG, Circuit Judges, and BYRNE, District Judge.*

CHAMBERS, Circuit Judge:

On August 8, 1967, appellant attempted to return to the United States following a brief trip to Tijuana, Mexico. The car which appellant was driving was searched and two and a quarter ounces of cocaine was found hidden above the radio. Count one of the resulting indictment was for unlawfully importing cocaine and count two charged knowing concealment and facilitation of transportation and concealment of cocaine. 21 U.S.C. § 174. Appellant's lack of knowledge of the presence of the cocaine was the defense. Because she was ten months pregnant when apprehended at the border, appellant testified that she could not have gone through the contortions necessary to place a parcel above the automobile radio. The jury returned a verdict finding appellant not guilty of count one and guilty of count two. The jury well may have thought that it was possible for a pregnant woman to sit on the floor of the car and put the cocaine up above the radio or that she procured someone else to put it there. The jury would know from human experience that it is most difficult for anyone to sit on the seat of a car and work on a radio. Here the jury could have drawn some inferences from defendant's story and demeanor that she really did have knowledge of the presence of the cocaine above the radio.

■ Appellant's first specification of error is that her motion at trial for discovery of the identity of an informant was improperly denied. Government border inspection agents testified that they searched appellant's automobile because its license number had been brought to their attention by an undisclosed source. Absent a showing of special defense need for disclosure or other compelling circumstances, an infor-

* The Honorable William M. Byrne, United States District Judge for the Central District of California, sitting by designation.

mant's identity need not be revealed in the type of case here involved. Roviaro v. United States, 353 U.S. 53, 77 S.Ct. 623, 1 L.Ed.2d 639; Lannom v. United States, 9th Cir., 381 F.2d 858, cert. denied, 389 U.S. 1041, 88 S.Ct. 784, 19 L. Ed.2d 833. Appellant made no showing of circumstances necessitating disclosure and thus the district court properly denied the disclosure motion. Were we to hold that disclosure was required here, it would have to be required in almost every case.

Appellant claims that error resulted from the admission of testimony (over defense objection) concerning the selling price of cocaine in Mexico. However, such evidence was properly admitted as refuting the possibility that a stranger could have placed such a valuable cargo in a vehicle in the hope that the vehicle could be followed and the cocaine later recovered in the United States. United States v. Glaziou, 2d Cir., 402 F.2d 8, cert. denied 393 U.S. 1121, 89 S.Ct. 999, 22 L.Ed.2d 126.

The possession evidence was that appellant had dominion of the vehicle and was its sole occupant. Such evidence is not insufficient to establish possession. Bettis v. United States, 9th Cir., 408 F.2d 563; Eason v. United States, 9th Cir., 281 F.2d 818.

Appellant's final contention is that her motion for a judgment of acquittal should have been granted because the verdicts were inconsistent. Even though a jury's conflicting conclusions cannot be reconciled, the conviction is not improper. Dunn v. United States, 284 U.S. 390, 52 S.Ct. 189, 76 L.Ed. 356; O'Rourke v. United States, 9th Cir., 347 F.2d 124.

There was a presumption instruction under 21 U.S.C. § 174 given here.* No

---

* The district judge instructed the jury that they could apply the 21 U.S.C. § 174 presumption to satisfy the element of knowledge of unlawful importation. Seven years ago, Judge Jertberg writing for the Court held that the § 174 knowledge of unlawful importation presumption was

objection was made. No point of it is made on appeal. At no time was Leary v. United States, 395 U.S. 6, 89 S.Ct. 1532, 23 L.Ed.2d 57, invoked, and Turner v. United States, 396 U.S. 398, 90 S. Ct. 642, 24 L.Ed.2d 610 was not available.

Without reaching our recent case of United States v. Vansant, decided March 24, 1970, 423 F.2d 620 on plain error, we are of the view that our Plascencia-Plascencia v. United States, decided March 24, 1970, 423 F.2d 803, would be applicable.

Affirmed.

constitutionally impermissible as it applied to cocaine. Erwing v. United States, 9th Cir., 323 F.2d 674. The Supreme Court recently adopted Judge Jertberg's view. Turner v. United States, 396 U.S. 398, 90 S.Ct. 642, 24 L.Ed.2d 610 (1970).