J-S34044-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| QUINTEZ DEVAR HALL | |
| Appellant | No. 1796 MDA 2014 |

Appeal from the Judgment of Sentence imposed October 20, 2014
In the Court of Common Pleas of York County
Criminal Division at No: CP-67-CR-0007930-2013

BEFORE:  BOWES, OTT, and STABILE, JJ.

MEMORANDUM BY STABILE, J.:                    **FILED AUGUST 21, 2015**

Appellant, Quintez Devar Hall, appeals from the judgment of sentence imposed on October 20, 2014 in the Court of Common Pleas of York County following his conviction of two firearms violations.  Appellant contends the evidence was insufficient to support either conviction.  We disagree and, therefore, affirm.

On September 5, 2014, a jury convicted Appellant of persons not to possess firearms and for possessing a firearm not to be carried without a license.[1]  On October 20, 2014, the trial court sentenced Appellant to five to ten years in prison as a person not to possess a firearm and imposed a concurrent sentence of three to six years for his second conviction.

_____

[1] 18 Pa.C.S.A. §§ 6105 and 6106, respectively.

Appellant filed a timely notice of appeal and complied with the trial court's directive to file a statement of errors complained of on appeal, asserting "[t]he evidence presented by the Commonwealth was insufficient as a matter of law to support the jury verdict of guilty for Carrying a Firearm without a License and Person not to Possess a Firearm." Statement of [Errors] Complained of under Pa.R.A.P. 1925(b), 11/6/14, at 1. The issue Appellant asks this Court to consider is worded substantially identically to his 1925(b) statement.

Before addressing Appellant's issue, we shall first address the Commonwealth's contention that Appellant has waived his issue for failure to preserve it for appellate review. In support of this position, the Commonwealth cites, *inter alia*, **Commonwealth v. Williams**, 959 A.2d 1252 (Pa. Super. 2008), for the proposition that an appellant asserting insufficiency of evidence must specify the element or elements upon which the evidence was insufficient. As this Court explained in **Williams**:

> If [an a]ppellant wants to preserve a claim that the evidence was insufficient, then the 1925(b) statement needs to specify the element or elements upon which the evidence was insufficient. This Court can then analyze the element or elements on appeal. The instant 1925(b) statement simply does not specify the allegedly unproven elements. Therefore, the sufficiency issue is waived.

*Id.* at 1257 (emphasis deleted). However, waiver will not be found in all instances. As this Court recognized in **Williams**:

> We are cognizant of our Supreme Court's recent decision in **Commonwealth v. Laboy**, 594 Pa. 411, 936 A.2d 1058

- 2 -

(2007)[,] in which the Court vacated this Court's Order and remanded the case for us to decide the merits of certain issues the appellant had raised on appeal. The Supreme Court determined a panel of this Court had erred in deciding the appellant had failed to adequately develop his claim of insufficient evidence to support his conviction in his statement of matters complained of on appeal and noted that the case was a "relatively straightforward drug case" though "in more complex criminal matters the common pleas court may require a more detailed statement to address the basis for a sufficiency challenge." *Id.* at 1060.

*Id.* at 1258 n.9.

We find that this case is a "relatively straightforward" firearms case, especially in light of the stipulation at trial that Appellant "is a person not to possess and has been since the year 2007. [Also, Appellant] did not have a valid license to carry a concealed firearm on his person or within a vehicle." Notes of Testimony (N.T.) Trial, 9/4/14, at 82. As the trial judge instructed the jury after counsel presented the stipulation:

> Again you may accept that stipulation. The stipulation is that [Appellant] did not have a license at the time the gun was located and, secondly, that he is a person not to possess a firearm. So those two facts may be accepted by you. There is still obviously other issues that remain to determine whether or not [Appellant] had the firearm in his possession.

*Id.* at 83. Under the circumstances of this case, we decline to find waiver for Appellant's failure to specify in the 1925(b) statement the elements upon which he bases his insufficiency challenge.

The statutory provisions for the crimes in question provide that "a person who has been convicted of an offense enumerated in subsection (b) . . . shall not possess . . . a firearm in this Commonwealth." 18 Pa.C.S.A. §

6015(a)(1). Further, "any person who carries a firearm in any vehicle or any person who carries a firearm concealed on or about his person, except in his place of abode or fixed place of business, without a valid and lawfully issued license . . . commits a felony of the third degree." 18 Pa.C.S.A. § 6106. Because it was stipulated that Appellant was a person not to possess under § 6105(a)(1) and was not licensed to carry a firearm under § 6106, the only issue for the jury to determine was whether Appellant was in possession of, or was carrying, a firearm.

The only witnesses at Appellant's trial were three Commonwealth witnesses from the York City Police Department: Officer Christopher Roosen, Sergeant Nicholas Figge and Officer Derek Hartman. The trial court summarized the officers' testimony as follows:

> In this case, the jury heard that on October 21, 2013, Officer Christopher Roosen was on patrol around 11:00 p.m. Officer Roosen saw a known male, Brandon Orr, for whom there were outstanding warrants walking towards him. Officer Roosen then testified that at this point Mr. Orr ran. Officer Roosen alerted Sergeant Nicholas Figge that Mr. Orr was known to utilize or ride in a silver [J]eep. Sergeant Figge testified that he saw and pursued the sliver [J]eep in question. While attempting to flee, the [J]eep crashed and Sergeant Figge testified that three suspects ran from the vehicle. Sergeant Figge was able to identify [Appellant], in blue jeans and a sweatshirt, as one of the fleeing subjects.[2]

_____

[2] Sergeant Figge testified that two of the three individuals ran in a southerly direction while the third, Appellant, ran down an alleyway in a different direction. N.T. Trial, 9/4/14, at 91.

The jury heard Officer Derek Harman testify that he pursued an individual dressed as Sergeant Figge described. Officers Roosen and Hartman testified that upon apprehension of this person, a firearm was located near the individual's hands. Sergeant Figge identified the individual as [Appellant], who was one of the three individuals he had seen flee the crashed [J]eep. Officer Roosen related to the jury that 9 mm ammunition was found in the crashed [J]eep. The firearm [in] question is a 9 mm handgun. . . . All of the officers who testified stated that they never saw [Appellant] in physical possession of the firearm. And Officer Roosen stated that the gun was not fingerprinted because there was no question who the actor was in this case. The jury also heard a stipulation that [Appellant] is a person not to possess firearms and has been since 2007. . . . The jury was provided with the stipulation that [Appellant] was a person not to possess. Ergo, under 18 Pa.C.S.A. § 6105(a)(1), the Commonwealth would only have needed to show the element of possession.

Trial Court Rule 1925(a) Opinion, 1/29/15, at 3-4 (references to Notes of

Testimony omitted).

Again, the sole issue before this Court involves the sufficiency of

evidence. This Court has stated:

The standard we apply in reviewing the sufficiency of the evidence is whether viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying the above test, we may not weigh the evidence and substitute our judgment for the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the [finder] of fact while passing upon the credibility of witnesses

and the weight of the evidence produced, is free to believe all, part or none of the evidence.

**Commonwealth v. Cruz**, 21 A.3d 1247, 1252 (Pa. Super. 2011) (citations omitted). In **Cruz**, this Court explained:

Illegal possession of a firearm may be shown by constructive possession. **Commonwealth v. Parker**, 847 A.2d 745, 750 (Pa. Super. 2004).

Constructive possession is a legal fiction, a pragmatic construct to deal with the realities of criminal law enforcement. Constructive possession is an inference arising from a set of facts that possession of the contraband was more likely than not. We have defined constructive possession as "conscious dominion." We subsequently defined "conscious dominion" as "the power to control the contraband and the intent to exercise that control." To aid application, we have held that constructive possession may be established by the totality of the circumstances.

**Id.** at 1253 (quoting **Parker**, 847 A.2d at 750) (additional citations omitted).

Appellant argues that the Commonwealth must prove Appellant had both the power to control the firearm and the intent to exercise control, contending mere presence at the scene is insufficient. Appellant's Brief at 11 (citing **Commonwealth v. Boatwright**, 453 A.2d 1058, 1059 (Pa. Super. 1982), in turn citing **Commonwealth v. Townsend**, 237 A.2d 192 (Pa. Super. 1968); and **Commonwealth v. Luddy**, 422 A.2d 601 (Pa. Super. 1980)). While we do not disagree with the premise Appellant advances, we find the cases he has cited inapposite. Unlike the cases cited by Appellant, Appellant was alone when he was apprehended. When he and

- 6 -

the other subjects fled the Jeep, Appellant headed in a different direction from his associates. Neither of the other individuals was noted to be anywhere near Appellant when Appellant was taken into custody. Moreover, the officers each testified that the handgun was within a few feet of Appellant's hand.[3] As the trial court observed:

> [Appellant] was apprehended with the firearm near his hands. [Appellant] was identified as one of the individuals who fled the crashed [J]eep which contained more ammunition of the sort used in the firearm recovered. Taken together, these facts are the strongest basis upon which to find possession. There is no specific quantum of evidence that the Commonwealth must produce in order for a court to find that sufficient evidence has been presented; but, rather, we must evaluate whether the evidence was so weak and inconclusive that no probability of fact may be drawn from the combined circumstances. It strains credulity to believe that [Appellant] was unlucky enough to be apprehended within reach of a firearm for which there was matching ammunition in the vehicle from which [he] fled.

Trial Court Opinion, 1/29/15, at 4-5. We agree. Viewing all the evidence—including circumstantial evidence—in the light most favorable to the Commonwealth as verdict winner, coupled with the stipulation that Appellant was a person not to possess a firearm, we conclude the evidence was sufficient to enable the jury to find every element of the crime beyond a reasonable doubt.

---

[3] Appellant contends that testimony indicating multiple subjects exited the Jeep and fled after it crashed suggests that "anyone from that Jeep could have been in possession of that firearm and have dropped it while fleeing." Appellant's Brief at 11. In light of the officers' testimony, Appellant's proposition is without foundation.

With respect to Appellant's conviction of firearms not to be carried without a license, we likewise conclude the evidence was sufficient to support the conviction. As the trial court noted, Officer Hartman testified that he continually commanded Appellant to show his hands during his pursuit and that Appellant failed to do so. "This evidence tends to show that [Appellant] had concealed the weapon upon his person and would not show his hands in order to maintain his grasp upon the firearm." *Id.* at 6. When the officers apprehended Appellant, the gun was observed on the ground next to Appellant, "within his reach." N.T. Trial, 9/4/14, at 75. Again, in conjunction with the stipulation that Appellant did not have a license to carry the firearm, we conclude the evidence viewed in the light most favorable to the Commonwealth was sufficient to prove the elements of the crime charged.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/21/2015