J. S35004/16

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| MARCUS HIRSCHFELD, | : | No. 721 EDA 2015 |
| | : | |
| Appellant | : | |

Appeal from the Judgment of Sentence, February 20, 2015,
in the Court of Common Pleas of Philadelphia County
Criminal Division at No. CP-51-CR-0004670-2014

BEFORE:  FORD ELLIOTT, P.J.E., BENDER, P.J.E., AND MUSMANNO, J.

MEMORANDUM BY FORD ELLIOTT, P.J.E.:          **FILED JULY 08, 2016**

Marcus Hirschfeld appeals the judgment of sentence in which the Court of Common Pleas of Philadelphia County sentenced him to serve a term of 42 to 84 months'[1] imprisonment for conspiracy to carry a firearm without a license.[2]

---

[1] On January 30, 2015, the trial court originally sentenced appellant to a term of imprisonment of 27 to 78 months with a surrender date of February 20, 2015.  The trial court allowed him to be with his ailing father until February 20, 2015.  Appellant absconded from supervision by cutting his ankle bracelet on January 30, 2015.  He was apprehended on February 4, 2015.  The trial court imposed the new sentence on February 20, 2015.

[2] 18 Pa.C.S.A. § 903 (conspiracy).  The object crime of carrying a firearm without a license is set forth in the Crimes Code at 18 Pa.C.S.A. § 6106.

On April 3, 2014, at approximately 9:00 p.m., Officer Sean Devlin ("Officer Devlin") and Officer Mischel Matos ("Officer Matos") of the City of Philadelphia Police Department were in a marked police vehicle when they observed a gray Nissan Altima ("Vehicle") traveling southbound on 55th Street without its headlights or taillights on. Officer Evans and Officer Matos pulled the Vehicle over. Officer Evans approached the Vehicle on the passenger side. He noticed a male passenger in the front seat. (Notes of testimony, 11/24/14 at 12-14.) According to Officer Evans, the passenger made "a motion like . . . a lean left to right while he moved from left to right while leaning forward." (*Id.* at 14.) Officer Evans observed that the passenger was very nervous when he asked him to exit the vehicle so Officer Evans could conduct a pat down. Officer Evans saw a very large gun underneath the front passenger's seat and next to the center console. At that point, Officer Evans handcuffed the passenger and directed his partner to detain and handcuff appellant. (*Id.* at 14-15.) Officer Evans explained that appellant could have easily grabbed the weapon while he sat in the driver's seat. (*Id.* at 18.) The passenger told Officer Evans that appellant was a "hack"[3] and that he was going to a friend's house. (*Id.* at 23.)

Officer Matos explained that appellant did not have a driver's license and that both appellant and the passenger were very nervous. According to Officer Matos, appellant was "breathing heavy [sic], and you could see a

---

[3] The passenger meant that appellant operated an unlicensed taxi service.

little shaking as well." (**Id.** at 29.) Appellant told Officer Matos that he did not know how the gun got in the car and did not know the passenger. (**Id.** at 30.)

Following a non-jury trial, the trial court convicted appellant of the conspiracy charge, acquitted him of three other firearms charges,[4]. The trial court reasoned:

> Here, there was circumstantial evidence presented that [appellant] did have knowledge and control over the handgun. The twenty four year-old [appellant's] mother owned the vehicle, and he was nervous, breathing heavy [sic], and shaking a little at the time of the car stop. The recovered gun was huge, easily accessible to [appellant], and easily visible to the officer after he extracted the passenger from the vehicle. The passenger separated himself from ownership of the gun by claiming that [appellant] was a "hack" taxi, declaring that he was just getting a ride to a friend's house, and seeking to leave the scene. After the gun was recovered, [appellant] told the officers "he didn't know how the gun got in the car, and he didn't know the passenger" (N.T. 11/24/14, p. 30). Based on the totality of the circumstances, this court believed that [appellant] did know that the gun was in the car, had the power to control the gun, and attempted to exculpate either himself, [the other] defendant, or both. The overt cover-up and the totality of the surrounding circumstances of the car stop were sufficient to convict [appellant] of conspiracy to possess a firearm without a license. **See Commonwealth v. Weimer**, 602 Pa. 33, 39, 977 A.2d 1103, 1106 (2009)("To sustain a criminal conspiracy conviction, the Commonwealth must establish a defendant

---

[4]Appellant was also charged with carrying a firearm on the public streets of Philadelphia, 18 Pa.C.S.A. § 6108, carrying a firearm without a license, 18 Pa.C.S.A. § 6106, and persons not to possess firearms, 18 Pa.C.S.A. § 6105.

entered into an agreement to commit or aid in an unlawful act with another person or persons, with a shared criminal intent, and an overt act was done in the conspiracy's furtherance. The overt act need not accomplish the crime-it need only be in furtherance thereof").

Trial court opinion, 6/22/15 at 6-7.

Appellant raises the following issue for this court's review:

Was not the evidence insufficient to prove the [appellant] guilty beyond a reasonable doubt of the crime of conspiracy in that the evidence was insufficient to prove that the [appellant] engaged in a conspiratorial agreement to commit the crime of possession of a firearm without a license in violation of 18 Pa.C.S. § 6106?

Appellant's brief at 3.

Appellant first claims that the evidence of criminal conspiracy was insufficient. We observe:

In reviewing the sufficiency of the evidence, we view all the evidence admitted at trial in the light most favorable to the Commonwealth, as verdict winner, to determine whether there is sufficient evidence to enable the factfinder to find every element of the crime established beyond a reasonable doubt. *Commonwealth v. Thomas*, 867 A.2d 594 (Pa.Super. 2005). "This standard is equally applicable to cases where the evidence is circumstantial rather than direct so long as the combination of the evidence links the accused to the crime beyond a reasonable doubt." *Id.* at 597. And while a conviction must be based on more than mere suspicion or conjecture, the Commonwealth need not establish guilt to a mathematical certainty. *Id.* quoting *Commonwealth v. Coon*, 695 A.2d 794, 797 (Pa.Super. 1997). This Court is not free to substitute its judgment for that of the fact-finder; if the record contains support for the convictions they

may not be disturbed. ***Id.*** citing ***Commonwealth v. Marks***, 704 A.2d 1095, 1098 (Pa.Super. 1997) and ***Commonwealth v. Mudrick***, 510 Pa. 305, 308, 507 A.2d 1212, 1213 (1986). Lastly, the factfinder is free to believe some, all, or none of the evidence. ***Id.***

***Commonwealth v. Hartle***, 894 A.2d 800, 803-804 (Pa.Super. 2006).

Section 903(a) of the Crimes Code defines a conspiracy:

A person is guilty of conspiracy with another person or persons to commit a crime if with the intent of promoting or facilitating its commission he:

(1)     agrees with such other person or persons that they or one or more of them will engage in conduct which constitutes such crime or an attempt or solicitation to commit such crime; or

(2)     agrees to aid such other person or persons in the planning or commission of such crime or of an attempt or solicitation to commit such crime.

18 Pa.C.S.A. § 903(a).

The offense of firearms not to be carried without a license, the underlying offense to the conspiracy here, is defined:

[A]ny person who carries a firearm in any vehicle or any person who carries a firearm concealed on or about his person, except in his place of abode or fixed place of business, without a valid and lawfully issued license under this chapter, commits a felony of the third degree.

18 Pa.C.S.A. § 6106(a).

To sustain a conviction for Criminal Conspiracy, the Commonwealth must prove beyond a reasonable doubt that the defendant (1) entered into an

agreement to commit or aid in a criminal act with another person or persons (2) with a shared criminal intent and that (3) an overt act was done in furtherance of the conspiracy. 18 Pa.C.S.A. § 903. *See Commonwealth v. McCall*, 911 A.2d 992, 996 (Pa.Super. 2006) (citation omitted). The overt act necessary to establish criminal conspiracy need not be committed by the defendant; it need only be committed by a co-conspirator. *Id.* In addition, our Court has further explained the agreement element of conspiracy as follows:

> The essence of a criminal conspiracy is a common understanding, no matter how it came into being, that a particular criminal objective be accomplished. Therefore, a conviction for conspiracy requires proof of the existence of a shared criminal intent. An explicit or formal agreement to commit crimes can seldom, if ever, be proved and it need not be, for proof of a criminal partnership is almost invariably extracted from the circumstances that attend its activities. Thus, a conspiracy may be inferred where it is demonstrated that the relation, conduct, or circumstance of the parties, and the overt acts of the co-conspirators[,] sufficiently prove the formation of a criminal confederation. The conduct of the parties and the circumstances surrounding their conduct may create a web of evidence linking the accused to the alleged conspiracy beyond a reasonable doubt. Even if the conspirator did not act as a principal in committing the underlying crime, he is still criminally liable for the actions of his co-conspirators in furtherance of the conspiracy.

*McCall*, 911 A.2d at 996 (citation omitted).

*Commonwealth v. Johnson*, 920 A.2d 873, 878-879 (Pa.Super. 2007).

Appellant argues that the evidence was insufficient to prove him guilty beyond a reasonable doubt of the crime of conspiracy in that the evidence was insufficient to prove that he engaged in a conspiratorial agreement to commit the crime of possession of a firearm without a license.

According to the trial court, the evidence that supported the conviction for conspiracy was 1) the Vehicle where the gun was found was driven by appellant and owned by appellant's mother; 2) appellant was nervous when the police stopped him; 3) the gun was in plain view, accessible to appellant; and 4) both appellant and the passenger told police that appellant was a "hack" taxi driver and had just picked up the passenger.

With respect to appellant driving the Vehicle which was owned by his mother, appellant argues that this fact does not prove that appellant and the passenger agreed for appellant to have constructive possession of the gun. For support, appellant points to **Commonwealth v. Wisor**, 353 A.2d 817 (Pa. 1976), where a defendant's ownership of a car in which a marijuana pipe was found did not prove the defendant's constructive ownership of the pipe where others in the car had equal access to the area where the pipe was found. Even taking the evidence in the light most favorable to the Commonwealth, as the prevailing party, the fact that the gun was found in the Vehicle does not by itself indicate that appellant conspired to obtain possession of the gun.

With respect to the fact that the police officers found appellant to be nervous, testimony credited by the trial court as fact-finder, appellant argues that his nervousness does not equate to proof of the elements of a conspiracy. In **Commonwealth v. Tam Thanh Nguyen**, 116 A.3d 657 (Pa.Super. 2015), this court explained that, after a traffic stop, a driver's nervousness is insufficient, standing alone, to establish reasonable suspicion of criminal activity. Appellant points out that he had other reasons for exhibiting nervousness: he was driving without a license, he was, by his own admission and that of the passenger, operating an unlicensed taxi service, and possibly only became aware of the presence of the gun in the vehicle when the stop was made.

Appellant also takes issue with the trial court's determination that the gun was accessible to him. The only facts surrounding the gun are that Officer Devlin saw the passenger reach down and make a movement from left to right while leaning forward after the Vehicle was stopped. When Officer Devlin asked the passenger to exit the vehicle so that he could conduct a pat down, he noticed the gun underneath the passenger's seat next to the center console. Appellant argues that the fact that the passenger placed his gun under the seat in a place where appellant could reach it does not indicate that appellant intended to exercise control over the gun and jointly possess it with the passenger or constructively possess it. Appellant again asserts that his presence in the vehicle where the gun

was found does not establish that he engaged in a conspiracy to gain possession of a weapon when he did not have a license to carry a firearm. This court agrees.

In **Commonwealth v. Townsend**, 237 A.2d 192 (Pa. 1968), the Pennsylvania Supreme Court held that the mere presence of an individual in a vehicle containing two weapons was insufficient to convict that individual of possession of a firearm without a license.

While **Townsend** addressed a conviction for possession of a firearm without a license and not conspiracy for possession of a firearm without a license, it stands to reason that without more evidence of an agreement to commit an illegal act and with a shared criminal intent the fact that the gun was found in appellant's car and may have been accessible to him fails to establish a criminal conspiracy.

Next, appellant challenges the fact that the trial court based its decision in part on the officers' testimony that appellant and the passenger both stated that appellant was a "hack" taxi driver and had just picked up the passenger. Appellant characterizes the trial court's finding that these statements helped to prove that appellant and the passenger were in collusion was "not just illogical, it is almost absurd." (Appellant's brief at 18.) This court agrees that this statement does not support a conspiracy or the fact that the two said essentially the same thing does not support a conspiracy by itself.

Of course, even if each of these facts upon which the trial court relied to find that appellant was guilty of conspiracy did not support the verdict, the combination of the evidence could link the appellant to the crime beyond a reasonable doubt, through the totality of the circumstances as the Commonwealth argues. However, the conclusions drawn from those facts are very speculative and insufficient to support the verdict. "Conviction may not be based upon suspicion or conjecture, but rather the evidence must be such 'as reasonably and naturally to justify an inference of guilt of the accused . . . and of such volume and quality as to overcome the presumption of innocence." ***Townsend***, 237 A.2d at 195, citing, ***Commonwealth v. Clinton***, 137 A.2d 463, 466 (Pa. 1958).

Judgment of sentence reversed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/8/2016