Adolphus Evans, Appellant *v.* City of Pittsburgh, and City of Pittsburgh, Department of Public Safety, Bureau of Police, Appellees.

Argued March 11, 1985, before Judge MacPhail and Senior Judges Blatt and Barbieri, sitting as a panel of three.

*Graydon R. Brewer*, with him, *John W. Murtagh, Jr., Greenfield & Murtagh*, for appellant.

*Robert B. Smith*, Assistant City Solicitor, with him, *D. R. Pellegrini*, City Solicitor, for appellees.

Opinion by Judge Blatt, June 4, 1985:

Adolphus Evans (petitioner) appeals from an en banc order of the Court of Common Pleas of Allegheny County dismissing his action against the City of Pittsburgh and the Pittsburgh Department of Public Safety, Bureau of Police (respondents).

On January 9, 1980, three persons were taken hostage and held in a building owned by the petitioner, and the area was cordoned off by Pittsburgh police who, on January 11, fired tear gas cannisters into the building and stormed it in an effort to free the hostages, resulting in a fire which damaged the premises. The petitioner thereafter filed suit against the respondents, alleging that the police had cordoned off the vicinity around his property, monitored the hostage

situation, subsequently conceived and executed a tear gas attack prior to storming the premises, and that the tear gas cannisters caused a fire substantially damaging his property. The petitioner alleged that the property damage was the proximate result of the respondents' negligence in planning and executing the assault. The respondents subsequently moved for summary judgment, seeking dismissal of the petitioner's suit on the basis that he had failed to state a cognizable action pursuant to the provisions of the Political Subdivision Tort Claims Act (Act), 53 P.S. §§5311.101-5311.803,[1] granting local agencies immunity from tort liability. The court of common pleas granted the motion and dismissed the complaint, resulting in this appeal.

The petitioner contends that the trial court erred ing granting the respondents' summary judgment, arguing that his allegations were sufficient to state a claim under Section 5311.202(b)(3) of the Act,[2] which sets forth, as one of the exceptions to the tort immunity provisions, acts involving the care, custody or control of real property in the possession of local agencies. He asserts that his allegations adequately alleged the police officers' dominion and control over his property. He submits that *Commonwealth v. Segers,* 167 Pa. Superior Ct. 642, 76 A.2d 483 (1950) and *Commonwealth v. Pickney,* 149 Pa. Superior Ct. 371, 168 A.2d 922 (1961) provide that an actor, who

---

[1] The Political Subdivision Tort Claims Act in effect at the time of the matter here concerned, Sections 101-803 of the Act of November 26, 1978, P.L. 1399, 53 P.S. §§5311.101-5311.803, was repealed effective December 5, 1980, and replaced by Sections 8541-8564 of the Judicial Code, 42 Pa. C. S. §§8541-8564, which are substantially similar to the earlier Act. The language of the applicable sections relied upon by the parties and the court below is nearly identical, so we have adopted references to the former Act for the sake of clarity.

[2] Currently 42 Pa. C. S. §8542(b)(3).

has the power of control over property and the intent to exercise that control, sufficiently possesses the property. He argues that, accordingly, the respondents' actions here constituted such dominion and control over his premises sufficient to subject them to liability for his property damage.

We note preliminarily that the cases cited by the petitioner involved criminal prosecutions where the issue of control arose in the context of joint possession of evidence supporting criminal convictions, and not the possession, care and control of real property forming the basis for civil liability. And, as the trial court here observed:

> The very circumstances of the incident indicate that the police had neither control nor possession of the real property in question. Concern for the safety of the hostages . . . prevented the police from exercising any dominion over the building whatsover. Merely cordoning off the area surrounding the building is not sufficient to cause us to find that the police had control of the residence. In order to gain "control" or to exercise the "intent to control" the premises the police had to resort to the firing of tear gas cannisters into the building. The actions complained of by the plaintiff occurred prior to any possession or control by the defendant police department. Their conduct therefore does not give rise to liability under [53 P.S. §5311.202 (b)(3)].... (slip op. at 4-5).

We agree, and will, therefore, affirm the trial court's order.

### Order

And Now, this 4th day of June, 1985, the order of the Court of Common Pleas of Allegheny County in the above-captioned matter is affirmed.