## Sichetti v. Paris Business Forms, Inc.

*Herbert Yaskin*, for plaintiffs.
*James Donohue*, for defendant Paris Bus. Forms.
*Clyde Waite*, for defendant Bristol Twp.
*Robert Mulhern*, for defendant Croydon Fire Co.
*Carl Delacato, Jr.*, for defendant Hamilton Tool Co.

KELTON, *J.*, June 20, 1986—In this case, defendant Bristol Township has moved for summary judgment. We are asked to decide whether the township is immune from or subject to liability under the "real property" exception to the Governmental Immunity Act, 42 Pa.C.S. §8542 (b)(3).

Plaintiff Gabriele Sichetti was badly burned while employed by Joseph Civitelli Construction Company, a demolition contractor. The Civitelli Company had been engaged by Paris Business Forms Company (Paris) to clear away debris resulting from a fire which had substantially damaged a factory building in Croydon, Bristol Township, owned by Paris.

Plaintiff originally brought suit in Philadelphia County against Paris and also against an equipment

supplier, a local volunteer fire company and Bristol Township (the township), seeking damages because of the alleged negligence of one or more of the parties. Venue has now been transferred to Bucks County.

Plaintiff alleged in his complaint that on February 5, 1983 he slipped on some ice in the factory building and fell into a pool of isopropyl alcohol which had been stored on the property by the owner, Paris. He averred that his clothing became saturated with the alcohol and that it was ignited when he was assisting his fellow demolition workers in extinguishing a fire which had been rekindled from the smoldering remains of a previous fire which had occurred two weeks earlier on January 16, 1983. Plaintiff claims that the Bristol Township Fire Marshall knew of the existence of the alcohol on the premises and was negligent in failing to warn him of it.

By the order which follows, we grant the township's summary-judgment motion.

Plaintiff and defendant township disagree as to the following issues:

(1) Whether the Governmental Immunity Act is constitutional;

(2) Whether, under the admissions in the pleadings, the admissions of the parties and the reports and depositions in the record, there is sufficient evidence when considered in a light most favorable to plaintiff to permit the jury to find that the township owed a duty of care to plaintiff, whether the township breached that duty and whether such breach, if any, was a substantial factor in causing plaintiff's injury;

(3) Whether the record permits a jury finding that the injury resulted from the negligent "care,

custody or control of real property in the possession of . . . " the township; and

(4) Whether plaintiffs should be allowed further time for discovery.

Because we believe that the prior governmental-immunity statute on which the instant statute is based has already been held to be constitutional (see Carroll v. County of York, 496 Pa. 363, 437 A.2d 394 (1981)), we will not discuss the first issue above.

We address the remaining issues collectively. Here, we first note that §8541 of the Governmental Immunity Act, 42 Pa.C.S. §8541, provides that:

"Except as otherwise provided in this subchapter, no [township] shall be liable for any damages on account of any injury to a person or property caused by any act of the [township] or an employee thereof or any other person."

However, under §8542, a township shall be liable for damages on account of an injury if the damages would be recoverable at common law and if the injury is caused by the township or an employee thereof acting within the scope of his office *and if* the injury occurs as a result of:

*"The care, custody or control of real property in the possession of the [township] . . . . "* (Emphasis supplied.) Section 8542(b)(3).

Excluded from the definition of real property are items such as trees, traffic controls, utility facilities, streets, sidewalks and the like.

We have found no cases, and the parties have cited none, in which liability was imposed under §8542(b)(3) for acts relating to non-governmental owned property. We assume arguendo that governmental possession without ownership is sufficient to impose liability under §8542(b)(3). However, we find here from the record that the property which

was the situs of the fire was not, in fact, in the possession of the township, nor was it in its care, custody or control at the time of the accident.

William J. Jones, the township fire marshall, stated in his deposition that he investigated the first fire that occurred on January 16, 1983 and prepared a report on his investigation. The report, dated February 10, 1983, states that the first fire had started in a collator machine, but that the source of that fire was unknown. This report also stated that the paper being processed in the machine at the time of the fire could have contributed to its rapid spread in the building and that its contents were a "total loss."

Jones also prepared a written report for the February 5, 1983 fire involving plaintiff. Here, he stated that the fire occurred while employees of Civitelli Construction Company were clearing away debris from the previous fire and that plaintiff received second- and third-degree burns over 56 percent of his body as a result of this fire. Jones stated that he could not determine the fire's exact source, although it could have come from sparks from a backhoe hitting a steel beam or from smoking. He attributed the rapid growth of the fire to the alcohol in the building debris.

Jones further stated in his deposition that after the fire company had extinguished the initial fire, numerous small fires began to crop up throughout the building. He stated that due to the frequency of these small fires, the volunteer fire company left the fire hoses connected to a nearby fire hydrant for use by the fire guard and by the demolition contractor hired by the building's owner.

Dominic Toscani, the owner of Paris Business Forms, confirmed in his deposition that either a township official or the fire marshall had directed him to clear away the debris caused by the first fire

and that after receiving bids from different contractors, *he* chose plaintiff's employer, Civitelli, for this job. Toscani further stated that because the debris from the fire was still smoldering, *he* hired a man to guard the building and that the fire company had left a fire hose with running water for the fire watch to take care of any small fire as it started. He stated that the fire marshall had either recommended or required that a fire watch be in place.

Guiseppe Civitelli, plaintiff's employer, stated in his deposition that he was hired by Mr. Toscani to clear out the premises after the initial fire. He stated that he had no conversations with the fire marshall, or any other governmental entity, before he began the clean-up process. The record would permit an inference that the township fire marshall was aware of the existence of the isopropyl alcohol and did not notify the Civitelli employees about it.

In our judgment, the following authorities compel the dismissal of the action against the township.

A possessor of real property is defined as one who is in occupation of the realty "with the intent to control it." Restatement (Second) of Torts §328E(a) and Begley v. City of Philadelphia, 148 Pa. Super. 318, 326, 25 A.2d 579, 582 (1942). Title, occupation or receipt of rents does not determine whether one is a possessor. Zisman v. City of Duquesne, 143 Pa. Super. 263, 18 A.2d 95 (1941). Rather, it is the exercise of dominion and control over the property which is determinative. The facts relevant in determining whether one is a possessor of property include any act:

"which an owner of similar property would do under the circumstances. These would include inspection of the premises, either personally or through an agent, making of repairs, arranging leases, collection of rents, eviction of tenants, payment of all ex-

penses, etc." Gayton v. City of Pittsburgh, 155 Pa. Super. 76, 80, 38 A.2d 383, 385 (1944).

In Evans v. City of Pittsburgh, 89 Pa. Commw. 626, 492 A.2d 1209, 1211 (1985), the Superior Court held that the conduct of city police in cordoning off a building and firing tear-gas cannisters into it did not give the city or police "control" of the building within the meaning of the then-applicable provisions of the Political Subdivision Tort Claims Act, 53 P.S. §§5311.101-5311.803. Evans was an action by a property owner seeking recovery against the city and its police department for damage to a building which had caught fire. Three persons had been taken hostage and held in the building and the police had fired tear-gas cannisters into it prior to storming the building to free the hostages. The Evans court held that summary judgment has been properly granted in favor of defendants since the act complained of, the firing of tear gas, occurred "prior to any possession or control by defendant police department."

See also Robson v. Penn Hills School District, 63 Pa. Commw. 250, 437 A.2d 1273, 1275-1276 (1981) (supervision of students on school property does not fall within the care, custody and control of the real estate itself); Casey v. Geiger, 346 Pa. Super. 279, 499 A.2d 606, 613 (1985) (no liability on Borough for criminal assault in public park); Chapman v. City of Philadelphia, 290 Pa. Super. 281, 283, 434 A.2d 753, 754 (1981) (assault at city railroad station).

Our decision today is also consistent with an opinion by the Texas Supreme Court in City of Denton v. VanPage, 701 S.W. 2d 831 (Texas S.C., 1986). In that case, plaintiff had been injured in a fire in a shed that had contained gasoline. Fires had been set by an arsonist on three previous occasions prior

to plaintiff's injuries, the city fire department had extinguished the blazes and the fire marshall had investigated the scene. Plaintiff alleged that the city, through its fire marshall, was negligent in its investigation of the arson by either failing to discover and remove the gasoline or in failing to warn plaintiff of the dangerous condition in the shed. The Texas Supreme Court held that defendant city owed no duty to plaintiff with respect to the dangerous condition of the storage shed, 701 S.W.2d at 835, holding that because the city did not own the real property, "possession and control . . . must [generally] be shown as a prerequisite to liability . . . " unless (1) the city has itself created the dangerous condition or (2) the city has agreed to make safe a known dangerous condition.

Plaintiff finally contends that summary judgment should not be granted without giving him the chance to have additional discovery. Under Pa.R.C.P. 1035, once a motion for summary judgment is made, a party may not rely on the controverted allegations in the pleadings. He must file counter-affidavits or depositions which raise a factual issue for trial. Phaff v. Gerner, 451 Pa. 146, 149-152, 303 A.2d 826 (1973); Johnston v. Pennsylvania Board of Probation and Parole, 34 Pa. Commw. 113, 383 A.2d 223 (1978). We thus find that the bare allegations in a brief of what plaintiff expects to prove at trial are not sufficient to defeat a motion for summary judgment.

For the foregoing reasons, we enter the following

## ORDER

And now, this June 20, 1986, the motion for summary judgment by defendant Bristol Township is granted and the complaint against said defendant is hereby dismissed.