**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 12-50409 |
| Plaintiff - Appellee, | D.C. No. 3:11-cr-03396-BEN-1 |
| v. | |
| JULIO CESAR MORALES-BELTRAN, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Roger T. Benitez, District Judge, Presiding

Argued and Submitted July 10, 2013
Pasadena, California

Before: WARDLAW, BYBEE, and NGUYEN, Circuit Judges.

Julio Morales-Beltran appeals his conviction for importation of marijuana, in violation of 21 U.S.C. §§ 952 and 960. We have jurisdiction under 28 U.S.C. § 1291 and we affirm.

---

[*]   This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

1. The district court did not abuse its discretion in admitting evidence of Morales-Beltran's 2000 arrest for marijuana importation. Evidence of a defendant's prior bad acts may be admitted under Federal Rule of Evidence 404(b) if (1) the evidence tends to prove a material point; (2) the prior act is not too remote in time; (3) the evidence is sufficient to support a finding that the defendant committed the other act; and (4) the act is similar to the offense charged. *United States v. Banks*, 514 F.3d 959, 976 (9th Cir. 2008). Where, as here, the evidence is offered to prove knowledge, "the prior act need not be similar to the charged act as long as the prior act was one which would tend to make the existence of the defendant's knowledge more probable than it would be without the evidence." *United States v. Lozano*, 623 F.3d 1055, 1059 (9th Cir. 2010) (per curiam).

The district court did not abuse its discretion by concluding that the circumstances surrounding Morales-Beltran's 2000 arrest were similar to those underlying the charged offense. Both times, he attempted to smuggle the same amount (approximately forty pounds) of the same substance (marijuana) in the same mode of transportation (his vehicle) through the same port of entry (Otay Mesa). It is of no moment that the marijuana was hidden in his vehicle's bumper in 2000, whereas this time it was hidden in his vehicle's gas tank.

We recognize that the two incidents are not close in time; Morales-Beltran's prior arrest occurred eleven years prior to the charged offense. However, "where prior acts were similar to those charged, previous decisions have upheld admission of evidence of acts up to twelve years old." *United States v. Smith*, 282 F.3d 758, 769 (9th Cir. 2002) (quoting *United States v. Rude*, 88 F.3d 1538, 1550 (9th Cir. 1996)) (alteration omitted). Here, as in *Smith*, because the prior act is "similar to and probative of the charges" against Morales-Beltran, its "eleven year vintage is not fatal." *Id.*; *see also United States v. Ross*, 886 F.2d 264, 267 (9th Cir. 1989) (holding that acts occurring thirteen years before the acts in the instant case were not too remote, given the similarity of the offenses). Accordingly, the district court did not abuse its discretion by holding that this evidence was admissible under Rule 404(b).

Evidence admissible under Rule 404(b) may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice. *United States v. Flores-Blanco*, 623 F.3d 912, 919 (9th Cir. 2010). Here, the disputed evidence had significant probative value with respect to Morales-Beltran's knowledge. *See United States v. Plancarte-Alvarez*, 366 F.3d 1058, 1063 (9th Cir. 2004). Further, the district court minimized any danger of unfair prejudice by advising the jury—on two separate occasions—that evidence of Morales-Beltran's 2000 arrest

could be used only to establish his intent, motive, opportunity, preparation, plan, knowledge, absence of mistake, or absence of accident. *Id*.; *see also Flores-Blanco*, 623 F.3d at 920. Admission of this evidence therefore did not run afoul of Rule 403.

2. Nor did the district court abuse its discretion by admitting expert testimony regarding the retail and wholesale value of the marijuana seized from his truck. First, admission of this evidence did not violate Federal Rules of Evidence 402 and 403. As Morales-Beltran acknowledges, the government introduced evidence that he transported approximately $40,000 worth of marijuana as support for its theory that Morales-Beltran knew the drugs were concealed in his vehicle. We have repeatedly found evidence regarding the street value of illegal drugs admissible where, as here, it was introduced to prove a defendant's knowledge and/or intent. *See United States v. Ogbuehi*, 18 F.3d 807, 812 (9th Cir. 1994) (citation omitted) ("DEA agents can testify as to the street value of narcotics, and counsel can argue reasonable inferences from it."); *United States v. Kearney*, 560 F.2d 1358, 1369 (9th Cir. 1977); *Gaylor v. United States*, 426 F.2d 233, 235 (9th Cir. 1970) (finding that "evidence [of the street value of cocaine] was properly admitted as refuting the possibility that a stranger could have placed such a valuable cargo in a vehicle in the hope that the vehicle could be followed and the

cocaine later recovered in the United States"); *United States v. Hernandez-Valenzuela*, 431 F.2d 707, 707 (9th Cir. 1970) (per curiam). Accordingly, the district court did not abuse its discretion in finding this evidence relevant and admissible under Rules 402 and 403.

Morales-Beltran also argues that the introduction of this evidence violated Federal Rule of Evidence 704. However, because the government's witness did not "draw the ultimate inference or conclusion for the jury and the ultimate inference or conclusion does not necessarily follow from the testimony[,]" *United States v. Morales*, 108 F.3d 1031, 1038 (9th Cir. 1997) (en banc), admission of this testimony did not violate Rule 704(b). There was therefore no abuse of discretion.

3.      Lastly, Morales-Beltran claims that the prosecutor committed misconduct by suggesting in closing arguments (1) that, given the high value of the drugs, it was unlikely that someone randomly picked Morales-Beltran's truck to smuggle the drugs into the United States; and (2) that this scenario was also unlikely because, given that the drugs were hidden in a hidden compartment in the gas tank, whoever put the drugs there would have faced a number of logistical hurdles in retrieving them once Morales-Beltran entered the United States.

Because Morales-Beltran failed to raise this objection at trial, we review this claim for plain error. *See United States v. Wright*, 625 F.3d 583, 610 (9th Cir.

2010). Contrary to what Morales-Beltran asserts, the challenged statements did not invoke the sort of expert testimony regarding the structure and modus operandi of drug organizations we deemed impermissible in *United States v. Vallejo*, 237 F.3d 1008 (9th Cir. 2001), *amended by* 246 F.3d 1150 (9th Cir. 2001), and its progeny. Nor did the prosecutor's arguments rest on facts not in evidence or improper vouching; rather, they were based on reasonable inferences as to Morales-Beltran's knowledge which were drawn directly from evidence in the record. Such statements do not "cross the line of impropriety." *United States v. Hermanek*, 289 F.3d 1076, 1100 (9th Cir. 2002). Accordingly, we find that no error—let alone plain error—occurred.

**AFFIRMED.**